|151  151|
|158  600|

## LIBBY LEONARD vs. JAMES LEONARD.

Suffolk.  January 10, 1890. — February 26, 1890.

Present: DEVENS, W. ALLEN, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Divorce — Imprisonment in another State — " State Prison."*

A sentence to imprisonment in a state prison in another State is not a cause of divorce in this Commonwealth, within the meaning of the Pub. Sts. c. 146, § 2, permitting a divorce " when either party has been sentenced to confinement at hard labor for life or for five years or more in the state prison, or in a jail or house of correction."

LIBEL FOR DIVORCE, filed August 25, 1887, brought by a wife against her husband, alleging that he had been sentenced to imprisonment at hard labor for more than five years in a state prison. Hearing before *Lathrop*, J., who reported the case for the determination of this court as follows.

The parties last lived together as husband and wife in Boston early in 1886, at which time the libellee left the Commonwealth. In September, 1886, he was tried and convicted by the District Court of the United States for the Western District of Wisconsin, on an indictment charging him with " passing altered national currency notes," and was sentenced by that court to be imprisoned at hard labor in the state prison at Waupun in that State for the period of seven years and six months from September 17, 1886, and to pay a fine.

The judge ruled, against the libellant's objection, that on these facts the libel could not be maintained, and ordered it to be dismissed. If the ruling was correct, the order was to stand; otherwise, a decree *nisi* was to be entered for the libellant, or such order made as law and justice might require.

*A. P. Worthen*, for the libellant.

No counsel appeared for the libellee.

C. ALLEN, J.   The libellant seeks a divorce from her husband on the ground that he has been sentenced to imprisonment at hard labor in the state prison at Waupun, Wisconsin, for a term of seven years and six months; and the question presented to us is whether such a sentence passed in another State is a good cause of divorce here.   The Pub. Sts. c. 146, § 2, provide that

a divorce may be decreed " when either party has been sentenced to confinement at hard labor for life or for five years or more in the state prison, or in a jail or house of correction." The first statute in this Commonwealth making a sentence to imprisonment a cause of divorce was the Rev. Sts. c. 76, § 5, where the language is substantially the same as that quoted above, except that the term required is seven years or more. Desertion was not made a cause of divorce till afterwards, by the St. of 1838, c. 126, and it is therefore apparent that the sentence to imprisonment was not deemed merely to be substantially equivalent to a desertion. It imported an offence, the nature of which was known to the Legislature. Imprisonment elsewhere might be for a cause punishable here for a less term, or possibly not punishable here at all. The term " the state prison," when used without further description in the Revised Statutes, as well as in the more recent legislation, means the state prison of this Commonwealth. *Beard* v. *Boston, ante,* 96. No instance to the contrary has been cited to us, and we do not now recall any. If a state prison elsewhere was intended, it would be natural to say so in distinct language, as in the Rev. Sts. c. 144, § 34. A sentence to imprisonment elsewhere is not included as a cause of divorce, within the meaning of the Pub. Sts. c. 146, § 2. *Martin* v. *Martin,* 47 N. H. 52, 53. *Libel dismissed.*