## STATE COURT OF APPEALS—Continued

that considerations received were absolutely worthless, whereas such considerations were represented to have some definite value, such representations are actionable.

3. The court should charge the jury that if representations are made as to value of certain lands, and such lands are absolutely worthless, and the person making said representations knew at the time that they were untrue, or made same in reckless disregard of whether or not such representations were true, and the party to whom such representations were made relied and acted thereon, said party relying and acting thereon is entitled to a verdict for his damages.

4. The lower court failed to cover this phase of the case in his charge.

5. A failure to clearly tell the jury what would constitute false representations as to the value of the land and land contract made the charge misleading and was reversible error.

Judgment reversed.

Attorneys—Harold H. Kesler, Toledo, for Beck et; S. W. Bowman, Bowling Green, for Rogers.

----

### No. 131
### MILLER v. MILLER

Ohio Appeals, 5th Dist., Muskingum Co.

No. 302.   Decided Jan. 4, 1926

Judge Richards of 6th Dist., sitting.

413.   DIVORCE—Where a divorce has been granted on the ground of imprisonment in the penitentiary, and while prisoner is on parole, parties are remarried, and then prisoner violates parole and is reincarcerated, another divorce cannot be granted on the same ground, as the imprisonment is under the same sentence.   (Construing 11979 GC.)

RICHARDS, J.

Elsie Miller brought an action in the Muskingum Common Pleas for divorce against her husband Wm. Miller, on the ground that he was imprisoned in the penitentiary.

Wm. Miller was first imprisoned in the penitentiary in 1922 on a charge of bigamy. While so imprisoned the wife secured a divorce charging such imprisonment as grounds. In 1923 he was released on parole, and the parties were remarried.

Shortly after this remarriage the parol was revoked and he was again confined in the penitentiary under the original sentence.   Wife again sues for divorce setting up his imprison-

ment.   Decree was denied by the Common Pleas.   Wife prosecuted error to the Court of Appeals which held:

1. Sec. 11979 GC. provides that a divorce may be granted for imprisonment in the penitentiary.

2. It does not provide that two divorces may be granted for imprisonment under the same sentence.

3. The imprisonment being under the same sentence must be treated by the court as the same imprisonment for which a divorce was originally granted.

4. By her second marriage the wife condoned the bigamy and ensuing imprisonment.

Judgment affirmed.

Attorneys—Geo. P. Leasure, Zanesville, for Elsie Miller.

----

### No. 132
### SHOCKEY v. THORNBURG SALES CO.

Ohio Appeals, 6th Dist., Wood Co.

No. 353.   Decided Dec. 21, 1925

276.   CONDITIONAL SALES—Where there is a sale of an article, title passing to purchaser, vendor taking a chattel mortgage, such chattel mortgage containing a provision that vendor may regain possession of article on default of payment, such sale· is not conditional, and vendor need not tender back part of purchase price to regain possession of article.

WILLIAMS, J.

The Thornburg Sales Co. sold to John Shockey certain chattel property, taking certain notes from Shockey and also a chattel mortgage on said property which mortgage contained a clause by which the Sales Co. was entitled to immediate possession upon default in payment.

Shockey ,not making payments as agreed, the Sales Co. brought this action in the Wood Common Pleas to replevy the property.   The Sales Co. offered in evidence the contract of sale, the chattel mortgage and the unpaid notes, then rested.

The purchaser contended that this agreement was a conditional sale and that part of the purchase price should have been tendered back before this action could be maintained. The case was tried to the jury, which found for the Sales Co.   Shockey prosecuted error, and the Court of Appeals held:

1. Although a mortgage and notes are given on the purchase of an article, if the transaction