## DAUGHDRILL v. DAUGHDRILL.

(Division A. Jan. 17, 1938.)

[178 So. 106. No. 32831.]

Lester Clark, of Hattiesburg, for appellant.

McGowen, J., delivered the opinion of the court.

The appellant, Mrs. Sadie Rainey Daughdrill, filed a bill for divorce against her husband, Leroy Daughdrill, in Forrest county. The bill charged that appellee was "tried in the Federal Court at Mobile, Alabama, in September, 1936, for stealing said automobile, and was convicted and sentenced to the United States Penitentiary at Atlanta, Georgia, for a term of two and one-half (2½) years; that he is now serving said sentence and was not pardoned before being sent there." The appellee filed no answer to the bill. The court below heard the evidence offered by the appellant, denied the divorce, and dismissed the bill.

The finding of the court is a sufficient statement of the facts. It found that the appellee "was convicted of a felony and that he is now incarcerated in the Federal Penitentiary, Atlanta, Georgia, for the commission of a felony, and that the complainant is entitled to a divorce from the defendant on the cause of being sentenced to the penitentiary and not pardoned before being sent there, provided that the language 'being sentenced to the penitentiary, and not pardoned before being sent there' applies to a Federal Penitentiary and not only to the penitentiary of the State of Mississippi." The

court further found that it had jurisdiction of the cause in all respects.

It is the precise contention of the appellant that the court below erroneously construed section 1414, Code of 1930, the applicable part of which is as follows: "Divorces from the bonds of matrimony may be decreed to the injured party for any one or more of the eleven following causes, viz.: . . . Third. Being sentenced to the penitentiary, and not pardoned before being sent there." It will be noted that the language of the statute is "being sentenced to *the* penitentiary." In 19 C. J., p. 43, section 78, it is stated that "unless otherwise expressed in the statute, conviction and imprisonment without the state is not a cause for divorce." To like effect is 9 R. C. L., p. 320, section 96. Also see Amis on Divorce and Separation, section 140. That writer says, referring to this language: "Clearly that does not mean *a* penitentiary, or *any* penitentiary, but only *the* penitentiary of this state."

We are persuaded that by analogy the reasoning and authorities in the case of State ex rel. Mitchell, Attorney General, v. McDonald, 164 Miss. 405, 145 So. 508, 86 A. L. R. 290, are pertinent here. In that case we held, construing sections 241 and 250 of the Constitution of 1890, that only convictions of crime committed under jurisdiction of this state disqualified one from holding office. We do not think that the Legislature intended to make incarceration in a penitentiary in another state or country a ground for divorce. The Legislature did not intend to recognize as felonies those offenses which might be established as such by another state or country. The safe, sound construction of this statute is that it means that the offending party in divorce suits must have been sent to the penitentiary of the state of Mississippi and not to the penitentiary of another state or country.

Affirmed.