EVELINA MORA, Plaintiff and Appellant, *v.* RADIO OQUENDO, Defendant and Appellee.

No. 9233. Argued December 26, 1945.—Decided January 18, 1946.

---

534

*G. Cruzado Silva* for appellant.

Mr. Justice Snyder delivered the opinion of the court.

Paragraph 2 of § 96 of the Civil Code provides as a ground for divorce: "Conviction of one of the parties to the mar-riage of a felony, which may involve the loss of civil rights." Evelina Mora, who married Radio Oquendo in 1941, sued him for a divorce in 1945, alleging grounds therefor pursuant to paragraph 2.

The evidence at the trial showed that in 1938 Oquendo pleaded guilty to an indictment charging him with a felony in the United States District Court for Puerto Rico, and was sentenced to five years in the penitentiary; that he served a portion of his term in the penitentiary and was then released on parole; that while he was on parole in 1941 he married the plaintiff but that the latter did not learn the facts as to the conviction of the defendant until three months after the marriage; that in 1943 the parole was revoked for violation of its terms, and the defendant was returned to the peniten-tiary to serve the remainder of his sentence, which he comple-ted in 1945. After the revocation of the parole and while the defendant was in the penitentiary, his wife filed this di-vorce proceeding.

The district court, holding that paragraph 2 applies only to convictions subsequent to marriage and not a conviction which occurred as here prior to the marriage, entered judg-ment dismissing the complaint. The plaintiff appealed from that judgment.

We assume, without deciding, that the statutory require-

ment is fulfilled by conviction of a felony in a Federal Court.[1] But our Legislature has not chosen, as some state Legislatures have, to provide specifically that conviction prior to marriage is a ground for divorce. *Hartwig* v. *Hartwig,* 142 S. W. 797 (Mo. 1912); Warren, Schouler Divorce Manual, p. 68. Our statute, while not so clear as in some states, was intended to provide, as in the majority of the states with similar statutes, that only a conviction subsequent to marriage is a ground for divorce. Warren, *supra,* p. 77.

In the instant case the conviction occurred prior to the marriage. It is true that the revocation of the parole of the husband occurred subsequent to the marriage. But revocation of parole of a defendant is not under Federal law a conviction; completion of service of the sentence under those circumstances is pursuant to the original sentence. Title 18, U.S.C.A., § 719. And that was imposed here prior to the marriage. Consequently, in legal effect, the instant case is no different than if the marriage had taken place after the husband had completed service of his term of imprisonment. Under those circumstances, in the absence of a statute specifically providing that a prior conviction is a ground for divorce, no divorce can be granted based on paragraph 2. See *Miller* v. *Miller,* 19 Ohio App. 518 (Ohio 1926); *Caswell* v. *Caswell,* 24 A. 988 (Vt. 1892).[2]

The judgment of the district court will be affirmed.

---

[1] *Daughdrill* v. *Daughdrill,* 178 So. 106 (Miss. 1938), holds to the contrary; but the decision is predicated on the peculiar terms of the Mississippi statute. See Warren, Schouler Divorce Manual, p. 182.

[2] The district court concluded its opinion as follows: "Divorce is the dissolution of a valid marriage, and if no such marriage exists, it can not be decreed." Apparently the district court had some doubt about the capacity of the husband, a convicted felon, to marry. We make it clear that we are not passing on that question in this case. Here we hold only that the conviction in question was not a ground for divorce under paragraph 2.