EVELINA MORA, demandante y apelante, *v.* RADIO OQUENDO, demandado y apelado.

Núm. 9233.—*Sometido:* Diciembre 26, 1945. *Resuelto:* Enero 18, 1946.

*G. Cruzado Silva,* abogado de la apelante; el apelado no compareció.

EL JUEZ ASOCIADO SEÑOR SNYDER emitió la opinión del tribunal.

El inciso 2 del artículo 96 del Código Civil señala como causal de divorcio: "La condena de uno de los cónyuges por delito grave que lleve aparejado la pérdida de los derechos civiles." Evelina Mora, quien se unió en matrimonio a Radio Oquendo en 1941, entabló demanda de divorcio contra él en 1945, alegando la causal establecida en el inciso 2.

La evidencia sometida en el juicio demostró que en 1938 Oquendo se declaró culpable en un proceso seguido contra él por un delito *felony* en la Corte de Distrito de los Estados Unidos para Puerto Rico, y fué sentenciado a cinco años de

presidio; que cumplió una parte de la condena en el presidio y fué entonces puesto en libertad bajo palabra; que mientras se encontraba en libertad bajo palabra en 1941 se casó con la demandante pero esta última no supo de la convicción del demandado hasta tres meses después del matrimonio; que en 1943 se le revocó la libertad bajo palabra por haber infringido sus términos, y el acusado fué reingresado al presidio a cumplir el resto de su sentencia, cumpliéndola en su totalidad en 1945. Después de la revocación de la libertad bajo palabra y mientras el demandado estaba en presidio, su esposa inició este pleito de divorcio.

La corte de distrito, resolviendo que el inciso 2 es aplicable únicamente a convicciones subsiguientes al matrimonio y no a una convicción que como en este caso ocurrió antes del matrimonio, dictó sentencia declarando sin lugar la demanda. Contra esa sentencia la demandante ha apelado.

██ Asumimos, sin resolverlo, que se cumple con el requisito estatutario alegando la convicción en la Corte Federal por un delito *felony*.([1]) Pero nuestra Legislatura no ha elegido, como han hecho algunas legislaturas estatales, disponer expresamente que la convicción anterior al matrimonio constituye causal de divorcio. *Hartwig* v. *Hartwig,* 142 S. W. 797 (Mo., 1912); Warren, Schouler *Divorce Manual,* pág. 68. Nuestra ley, aunque no tan clara como en algunos estados, contempló disponer, como en la mayoría de los estados con estatutos similares, que únicamente una convicción posterior al matrimonio constituye causal para el divorcio. Warren, *supra,* pág. 77.

En el caso de autos la convicción ocurrió antes del matrimonio. Es verdad que la revocación de la libertad bajo palabra del marido ocurrió después del matrimonio. Pero la revocación de la libertad bajo palabra de un acusado no

---

([1]) *Daughdrill* v. *Daughdrill,* 178 So. 106 (Miss., 1938), sostiene lo contrario; pero la decisión está predicada en los términos peculiares de la ley de Mississippi. Véase Warren, Schouler *Divorce Manual,* pág. 182.

es bajo la ley Federal una convicción; el cumplimiento de la sentencia bajo esas circunstancias se hace de conformidad con la sentencia original. Título 18, U.S.C.A., sección 719. Y la misma fué impuesta aquí antes del matrimonio. En su consecuencia, a los efectos legales, el presente es igual al caso en que el matrimonio tuviera lugar después que el esposo cumpliera el término de su prisión. Bajo esas circunstancias, en ausencia de una ley disponiendo expresamente que una convicción anterior constituye causal para el divorcio, no se puede conceder divorcio alguno basado en el inciso 2. Véanse *Miller* v. *Miller,* 19 Ohio App. 518 (Ohio, 1926); *Caswell* v. *Caswell,* 24 Atl. 988 (Vt. 1892).([2])

*La sentencia de la corte de distrito será confirmada.*

---

([2]) La corte de distrito terminó su opinión como sigue:

"El divorcio es la disolución de un matrimonio válido, y si no existe tal matrimonio, no puede decretarse." Aparentemente la corte de distrito tuvo alguna duda en cuanto a la capacidad del marido, un felón convicto, para casarse. Hacemos claro que no estamos considerando esa cuestión en este caso. Aquí sólo resolvemos que la convicción en cuestión no fué una causal de divorcio bajo el inciso 2.