Hillsborough, July 2, 1947. } No. 3671.

GENEVIEVE G. CLARK *v.* JAMES W. CLARK, JR.

*Aaron A. Harkaway* (by brief), for the libellant.

*James W. Clark, Jr., pro se,* filed no brief.

DUNCAN, J. The statute provides that a divorce shall be decreed in favor of the innocent party for the following cause, among others: "IV. Conviction of either party, in any state or federal district, of a crime punishable with imprisonment for more than one year and actual imprisonment under such conviction." R. L., *c.* 339, *s.* 6 (IV). This statutory cause as originally stated was "conviction of crime and actual imprisonment in the state prison" (R. S., *c.* 148, *s.* 3. [1842]), and held to be restricted to conviction and imprisonment in New Hampshire. *Martin* v. *Martin,* 47 N. H. 52. It was thereafter amended to "conviction . . . of crime punishable in this state with imprisonment for more than a year and actual imprisonment under such conviction." G. S., *c.* 163, *s.* 3 (1867). It was further amended, to take its present form, in 1937. Laws 1937, *c.* 4.

The offense for which the libellee was tried and of which he was convicted is a crime, punishable with imprisonment for more than one year. 34 U. S. C. A., *s.* 1200, Articles for the Government of the Navy, *Art.* 8 (Nineteenth). See, *State* v. *McConnell,* 70 N. H. 158, 159; *Tullidge* v. *Biddle,* 4 Fed. (2d) 897. The libellant has been imprisoned under the conviction, by a sentence for more than one year.

The only question remaining for determination is whether conviction by general court-martial held in Boston was "conviction . . . in any state or federal district" within the meaning of the statute. It seems plain that it was. The amendment of 1937 was clearly intended to broaden the scope of the statute from conviction of a crime punishable as specified, in this state, to a crime so punishable in any of the United States, or in the District of Columbia. *Cf. Bailey* v. *Smith,* 40 Fed. (2d) 958. As the cause for divorce is stated by the

statute, it is not restricted to conviction by the court of a state or federal district, and no reason to imply such a limitation is apparent. Except as the word conviction implies the judgment of a court of competent jurisdiction, the nature of the court in which conviction may take place whether state or federal, civil or military, has never had a part in the definition of the cause. It is the place of conviction which is made material.

While the First Naval District is for some purposes, at least, a "federal district" whether it is such within the meaning of our statute need not be determined. It includes Massachusetts (U. S. Navy Regulations (1920) as amended, *Art.* 1480), and the court-martial attached to it by which the libellee was convicted, was held in Massachusetts. It was a court sitting and held in the state of Massachusetts for purposes of the statute relating to the compulsory attendance of witnesses before naval courts. 34 U. S. C. A., *s.* 1200, *supra, Art.* 42, (b), (c). Its judgment is entitled to the same force as that of a civil court with criminal jurisdiction. *Grafton* v. *United States*, 206 U. S. 333. The libellee's conviction was literally a "conviction . . . in [a] state." Not only was it within the letter of our statute, but also within its spirit. As counsel for the libellant suggests the libellee is as effectively prevented from performing his duties as a husband, as if he had been convicted by a state court or by a United States Court sitting in any state, or the District of Columbia. The conviction and imprisonment described by the findings, if shown to have been for the offense indicated by counsel, constitutes cause for divorce within the meaning of the statute.

*Case discharged.*

All concurred.