KIMBRO *v.* KIMBRO.

(*Jackson,* April Term, 1950.)

Opinion filed August 31, 1950.

POSTON N. Cox (Divorce Proctor), of Memphis, for petitioner.

HARRY U. SCRUGGS, A. E. WEINSTEIN, and J. GRANVILLE FARRAR, all of Memphis, for respondent.

MR. JUSTICE BURNETT delivered the opinion of the Court.

A petition for certiorari was filed by the divorce proctor of Shelby County, in his official capacity, for a ruling on the question hereinafter stated. The proctor says in his petition: ''There is no question in the proctor's mind, and he concedes, that the opinions in both the Langevin case and the present case by the Court of Appeals are sound and should be the law.''

The Chancellor granted Mrs. Kimbro a divorce on the ground that her husband had been convicted of a crime in the State of Mississippi, which by the laws of that State, is declared to be a felony, and that he had been sentenced to confinement in the Mississippi penitentiary. On appeal by the proctor the Court of Appeals affirmed the Chancellor. The basis of their affirmation was that the identical question presented had been theretofore determined by that court in the case of *Langevin* v. *Langevin* decided on May 8, 1942, and certiorari denied. The opinion in the Langevin case was not published. The reason for the appeal here is the apparent uncertainty of the proctor and members of the Bar caused by the opinion in *Klutts* v. *Klutts,* 37 Tenn. 423, wherein this Court held that under the statute, then in effect, that this statute did not apply to causes of conviction and sentence to a penitentiary out of the State. The language of the statute being: ''that if any person, being husband or wife, has been, or shall be, convicted of any crime, which by the laws of *this* State is declared to be a felony, and sentenced to confinement in the penitentiary,'' the same shall be a good cause for a divorce from the bonds of matrimony.

In the Klutts case, the crime committed was a felony by the laws of Tennessee as well as by the laws of Kentucky, where the conviction was had, and was punishable in both States by confinement in the penitentiary. This Court stated that although reason and policy would require the enlargement of the language of the act so as to extend the cases of conviction of felony in another State or County, yet the extension must be done by the Legislature, and not by the Court.

The language of the Act upon which the Klutts case was considered was that a divorce would be granted under certain conditions when the conviction was for a crime "by the laws of *this* State". The Legislature subsequently, in the enactment of the Code of 1932, by Section 8426 changed this Act to read as follows: "Being convicted of a crime which, by the laws of *the* state, is declared to be a felony, and sentenced to confinement in the penitentiary."

Thus it is evident that the Legislature intended to correct the narrow view of the statute in effect at the time of the ruling in the Klutts case by changing the word "this" to the word "the" and making the statute read that when one was convicted of a crime which was declared to be a felony in the state of conviction it would be a ground for divorce. This is the basis of the holding by the Court of Appeals of the Western Section in the Langevin case heretofore referred to.

Judge Caruthers speaking for this Court in the Klutts case concluded the opinion in that case as follows: "We think the reason and policy which dictated this act would require its enlargement, so as to extend to cases of conviction of felony in any state or county, but that must be done by the Legislature, and not the courts."

Following the opinion in the Klutts case the Legislature enacted or adopted the Code of 1932 and in its adoption they omitted certain provisions of the act upon which the Klutts case was based. Among other provisions was the provision for publication and the change of the word "this" to the word "the". It must be presumed that the Legislature was aware of the decision in the Klutts case. Presuming this, we think that it was the intention of the Legislature to enlarge the statute so it might be construed in accordance with the suggestion made by the Court (last above quoted) in the Klutts case.

It seems obvious to us that the Court in construing the statute in the Klutts case construed the word "this" as a demonstrative adjective, used to point out with particularity the State of Tennessee, the state which had enacted the statute. It would thus appear that when the Legislature (having in mind the Klutts opinion) changed the word "this" to "the" they intended it to be construable in the sense of "any" and not being limited to the State of Tennessee.

We are not overruling the Klutts case because the opinion in that case is based on a statute in force at the time. We are holding that under the wording of the statute now in effect, Code Section 8432, that this statute should be construed to mean that when one is convicted of a felony in any State or County this is a ground for divorce as provided by the act. The result is that the decree of the Court of Appeals is affirmed and certiorari denied at the cost of the defendant.

All concur.