NESS, Respondent v. NESS, Appellant

(110 N.W.2d 128)

(File No. 9898. Opinion filed July 18, 1961)

**Samuel W. Masten,** Canton, for Appellant.

**William F. Clayton, Arnold Pfeiffer,** Sioux Falls, for Respondent.

RENTTO, J. Plaintiff wife was granted a divorce from defendant because he had been convicted of a felony in the State of Minnesota. He appeals from the judgment.

Defendant, on May 26, 1959, was found guilty of the crime of Larceny by Contractor and sentenced to the Minnesota State Reformatory for a period not to exceed five years. At the time this divorce action was tried he was serving his sentence in that institution. In his assignments of error he urges that this conviction of a felony is

not a ground for divorce under our law because it was had in another state. He also makes the additional contention that if conviction of a felony in a foreign state is grounds for divorce in this state the conviction herein involved falls short of that requirement because it involves conduct which is not a felony under the law of South Dakota.

So far as here applicable our law concerning the grounds for divorce in SDC 14.0703 provides that: "Divorces may be granted for any of the following causes: * * * (6) Conviction of felony." To answer the questions posed we must from this general language spell out the specific intention of the legislature. Most jurisdictions have a somewhat similar ground for divorce but because the statutory language varies from state to state their decisions are not of much help in deciding this appeal. See Martin v. Martin, 47 N.H. 52; Clark v. Clark, 94 N.H. 398, 54 A.2d 166; Klutts v. Klutts, 37 Tenn. 423; Kimbro v. Kimbro, 191 Tenn. 316, 232 S.W.2d 354, 19 A.L.R.2d 1045; Leonard v. Leonard, 151 Mass. 151, 23 N.E. 732, 6 L.R.A. 632; Daughdrill v. Daughdrill, 180 Miss. 589, 178 So. 106. See also State v. Duket, 90 Wis. 272, 63 N.W. 83, 31 L.R.A. 515, 519; 19 A.L.R.2d 1047; 17 Am.Jur., Divorce and Separation, § 45; 27A C.J.S. Divorce § 23; Nelson-Divorce and Annulment, 2d Ed., § 8.02. However, they do serve to point up the basic considerations with which we are here concerned.

In approaching this problem it is proper to look at the legislative history of this cause for divorce. In Section 1, subdivision Seventh Chapter XVI, Laws of Dakota, 1866-67, this ground was detailed as follows:

"Where either party has been or shall hereafter be sentenced to imprisonment and actually imprisoned in the penitentiary of this Territory or state prison of any state or territory of the United States or the District of Columbia, for any violation of the laws of the United States, or where either party has been or shall hereafter be senten-

ced to imprisonment and actually imprisoned in the penitentiary in this Territory, for any violation of the criminal laws of this Territory, or in the penitentiary or state prison of either of the United States, or any of the territories thereof, or the District of Columbia, for any crime or offence against the laws of either said states or territories or of the District of Columbia; **Provided,** Such crime or offence against the laws of such state, territory, or District of Columbia, be of the same character or grade as is or may be, by the laws of this Territory, punished by imprisonment in the penitentiary; **And, provided also,** That all applications for divorces under the ninth [seventh] clause of this section shall be made during the imprisonment of the adverse party."

While the word felony does not appear in this enactment the imprisonment with which it is concerned flows from crimes that are generally regarded as felonies.

In Section 1, subdivision 6th of Chapter XVI, Laws of Dakota, 1870-71, this ground was rewritten to read: "In case of the conviction of either party for a felony after marriage." In section 60, Civil Code of the Revised Codes 1877, it was further revised and appears as "Conviction for felony." It has since remained unchanged except that in our 1939 code revision the word "for" was stricken and the word "of" inserted.

It is to be observed that under our statute imprisonment following the conviction is no longer essential to this cause for divorce. In this regard our law differs from that in many of the states. Obviously our legislature in enacting the present statute felt that the disgrace arising out of the conviction alone and the lack of character evidenced thereby were sufficient reasons to sever the marital ties. This blemish on the family relationship is substantially the same whether the conviction of felony is domestic or foreign. Consequently we feel that the

legislature must have intended by this general designation to include as a cause for divorce conviction of felony in another state. If it had intended this cause to be limited to felony convictions in this state, it could have accomplished that by using language so specifying, as it did in our statute on suspending sentences, SDC 1960 Supp. 34.3708, and our law authorizing probation, SDC 1960 Supp. 34.3708-2.

■ This takes us to defendant's second proposition. The law of Minnesota provides for liens to mechanics, laborers and materialmen who contribute to the improvement of real estate by performing labor, or furnishing skill, material or machinery for a number of purposes enumerated therein. M.S.A. § 514.01. In M.S.A. § 514.02 it is further provided that:

> "Any contractor or subcontractor on any improvement to real estate within the meaning of section 514.01, who, with intent to defraud, shall use the proceeds of any payment made to him on account of such improvement by the owner of such real estate or person having any improvement made, for any other purpose than the payment for labor, skill, material, and machinery contributed to such improvement, while any such labor performed, or skill, material or machinery furnished for such improvement at the time of such payment remains unpaid for, shall be guilty of larceny of the proceeds of such payment so used."

This is the statute defendant was convicted of violating. He claims that our statutes do not reveal that larceny by contractor is a felony in this state. We think it may be and that in this case it was.

For all practical purposes our statute, SDC 39.9901, is identical with the Minnesota statute under which defendant was convicted. It provides that:

"Any contractor or subcontractor on any improvement of real estate, mines, or public utilities within the purview of chapter 39.07 relating to mechanics', miners', laborers' and materialmen's liens on real estate, who, with intent to defraud shall use the proceeds of any payment made to him on account of such improvement by the owner of such real estate or person having the improvement made, for any other purpose than the payment for labor, skill, materials, and machinery contributed to such improvement while any account for such labor, skill, material, or machinery furnished for such improvement up to the time of such payment remains unpaid, shall be guilty of larceny of the proceeds of such payment so made."

To be observed is the fact that both of these statutes state that the crimes which they define are larceny without designating it a felony. To determine the circumstances under which it is a felony we must examine other statutes in the two states.

So far as here applicable, M.S.A. § 610.01 provides: "Every crime which may be punished by death, or by imprisonment in the state prison or state reformatory, is a felony." Our comparable statute is SDC 13.0103. The pertinent portion of it is as follows: "A felony is a crime which is or may be punishable by death or imprisonment in the State Penitentiary." In view of the punishment imposed on defendant it is clear that the crime of which he was convicted is a felony in the State of Minnesota. The next question is whether it is such under the law of South Dakota.

In this state larceny is classified as grand or petit. Of these only grand larceny is a felony. SDC 13.3803. Whether a violation of our larceny by a contractor statute constitutes grand or petit larceny is determined by the value of the funds misappropriated. At the time of defendant's conviction that crime under our law would

be a felony if the proceeds of the payment misused by the contractor or subcontractor were of a value exceeding $20. SDC 13.3802. While not here material it should be noted that by Ch. 39 of the Laws of 1959, this amount was increased to $50.

The statutes of Minnesota classify larceny as grand larceny in the first degree, grand larceny in the second degree and petit larceny. Only the first two of these carry a punishment of imprisonment in the state prison or reformatory. M.S.A. §§ 622.05, 622.06, 622.07 and 640.35. While the copy of the Minnesota judgment in evidence here does not reveal which class of larceny the defendant was found guilty of, obviously it was of either grand larceny in the first degree or grand larceny in the second degree. If the former, the misappropriation involved was of a value of more than $500 and if the latter, it was of the value of more than $100 but not exceeding $500. In either situation the amount of the payment misused by the defendant would make his crime a felony under the statutes of South Dakota. Accordingly, this contention must also be overruled.

In opposition to defendant's second contention and as further support for the judgment appealed from, plaintiff has advanced the view that conviction of felony in another state is ground for a divorce under our statute even though it does not involve conduct which is a felony under our law. Since we hold that the crime of which defendant was convicted in Minnesota is a felony under our statutes we do not reach this contention.

Affirmed.

SMITH, P. J., and ROBERTS and BIEGELMEIER, JJ., concur.

HANSON, J. (special concurrence).

Both parties to this marriage were residents of South Dakota at the time defendant husband was convicted of a felony in Minnesota. Such conviction, in my

opinion, constituted ground for divorce under our law regardless of whether or not there was a comparable crime in this state.

In most states "conviction of a felony" or "imprisonment in a penal institution" is ground for divorce. Early statutory provisions generally restricted the "conviction" or "imprisonment" to the state of domicile. This is no longer true. Most states, like South Dakota, have broadened the scope of their statutes by removing territorial or comparative crimes restrictions and now expressly, or by implication, recognize the conviction of a felony or imprisonment in another state as ground for divorce. This trend toward legislative liberalization is reflected in a survey of the divorce laws. At the present time the District of Columbia and 19 states have a simple, broad and unrestrictive statute, similar to our law, under which a divorce may be granted for the "conviction of a felony or other infamous crime". In varying language 15 other states expressly authorize divorce for the conviction of a felony or imprisonment in "this or any other state". Eight states do not recognize conviction of a felony or imprisonment as a ground for divorce. Only 5 state statutes are restrictive in nature such as limiting the imprisonment to "the state prison" and only the state of West Virginia limits divorces in that state to a sentence of imprisonment for crime, which is a felony under the laws of West Virginia.

The experience in other states where this subject has been judicially reviewed is interesting and reflects a nation-wide legislative intent to liberalize "conviction" or "imprisonment" as a ground for divorce. Under a Tennessee statute authorizing a divorce for the conviction of any crime "which, by the laws of **this** State, is declared to be a felony" the Tennessee court denied a divorce to a wife whose husband had been convicted of a felony in Kentucky. Klutts v. Klutts, 5 Sneed 423, 37 Tenn. 423. In its opinion the court made the following pertinent observation: "We are reluctantly constrained to hold upon a fair

construction of the act, that it can only be made to apply to convictions in this State. There can be no good reason why the provision should not be enlarged, so as to embrace other States, as the odium and disgrace of the offender is the same, whether the condemnation and punishment is in one State or another." The act was subsequently amended in the Tennessee Code of 1932 by Section 8426 to read as follows: "Being convicted of a crime which, by the laws of **the** state, is declared to be a felony * *." This amended statute was construed in a subsequent case to mean that conviction of a felony in any state was ground for divorce in Tennessee. Kimbro v. Kimbro, 191 Tenn. 316, 232 S.W.2d 354, 19 A.L.R.2d 1045.

Likewise the Mississippi Court construed "Being sentenced to the penitentiary" as a ground for divorce meant that the offending spouse must have been sentenced to the Mississippi penitentiary and not to the penitentiary of another state or country. Daughdrill v. Daughdrill, 180 Miss. 589, 178 So. 106, 107. The court said "We do not think that the Legislature intended to make incarceration in a penitentiary in another state or country a ground for divorce. The Legislature did not intend to recognize as felonies those offenses which might be established as such by another state or country * * *". However, following this decision the Legislature of Mississippi amended its law in this regard to read "Being sentenced to any penitentiary." Sec. 2735, Mississippi Code of 1942, Vol. 2A. Recompiled.

Legislation on this subject in South Dakota has followed the national trend toward liberalization. Our early law authorized a divorce for imprisonment in this or any other territorial or state prison with the restrictive proviso that "Such crime or offence against the laws of such state, territory, or District of Columbia, be of the same character or grade as is or may be, by the laws of this Territory, punished by imprisonment in the penitentiary." Our legislature evidently intended to broaden the scope of our law by omitting the restrictive proviso with re-

ference to comparative crimes. Under the present law a divorce may be granted in South Dakota for "conviction of felony". Subsection 6, SDC 14.0703. There are no territorial or comparative crimes restrictions whatever.

I would therefore affirm on the broad ground that conviction of a felony in this, or any other state, constitutes ground for divorce under our statute. When the conviction is in a foreign state it is unnecessary to consider whether or not there is a comparable crime in this state.