Joseph Life, J.
Plaintiff seeks a judgment of divorce from her husband for the reason that he has been confined to prison *200 for a period in excess of three years (Domestic Relations Law, § 170, subd. [3]).
The defendant defaulted in answering. Since this court heard plaintiff’s testimony the 'Court of Appeals has reversed the defendant-husband’s conviction and directed a new trial (People v. Colascione, 22 N Y 2d 65). Thus the question arises as to whether or not the plaintiff may have judgment in view of the fact that the.defendant’s conviction is not final. He was sentenced on several grounds and the longest term imposed was 10 to 40 years.
It appears that the Legislature intended to permit either husband or wife to obtain a judgment of divorce where the spouse was confined for three years or more and thereby the plaintiff was deprived of the conjugal benefits. Had they intended any more, it would have been a relatively simple matter to include other conditions .or provisions; as for instance, that the conviction on which the confinement was based was final or that all appeals had been exhausted or that the time within which to bring an appeal had passed, etc.
Boardman’s New York Family Law, § 192.03, p. 775, states: “ the raison d’etre of this ground is physical absence from the home ”.
Since the statute has been in effect in this State only since September 1,1967 we have not found any precedent in decisions of our courts and have sought to make comparisons with decisions on similar statutes in the courts of our sister States. The Supreme Court of Georgia in Holloway v. Holloway (126 Ga. 459) considered a similar statute. However, there the statute required imprisonment for two years or more and imposed an additional condition; that is, that the defendant had to have been convicted of an offense involving moral turpitude. It was held that the plaintiff had a right to a divorce even though a pardon had been granted to the defendant. The court referred (p. 192) to the case of State v. Duket (90 Wis. 272) in which the reversal of a sentence of one convicted of a felony did not prevent the dissolution of the marriage.
In New Hampshire the Supreme Court of that State held that the defendant’s actual imprisonment was a cause for divorce and “ the reversible character ” of the judgment did not alter the case (Cone v. Cone, 58 N. H. 152). The conviction, imprisonment, sentence, and the finality of judgment, or any one or a combination thereof, may be made the condition for granting the divorce (27A C. J. S., Divorce, § 23).
In Wisconsin the statute provided that when a party was sentenced to imprisonment for life the marriage was thereby *201 dissolved without judgment or legal process and the reversal of the conviction did not affect the dissolution (State v. Duket, supra).
In Kosanke v. Kosanke (30 Wn. 2d 523) imprisonment in a State penal institution was sufficient for divorce. It has been held that conviction alone would justify the divorce and this was so although the conviction might have taken place in another State (Ness v. Ness, 110 N. W. 2d 128 [S. D.]; Kimbro v. Kimbro, 232 S. W. 2d 354 [Tenn.]). In the District of Columbia the statute gave as a cause for divorce ‘ ‘1 final conviction of a felony involving moral turpitude and sentence for not less than two years to a penal institution ’ ”. The late filing of an appeal by the defendant husband did not prejudice the wife’s right to a divorce (Katz v. Katz, 136 A 2d 261 [D. C.]).
From the examination of these authorities and many others which need not be enumerated here, this court has arrived at the conclusion, that the statute here is intended to apply to the situation where the plaintiff has been deprived of the society of the spouse by the confinement of the latter to a prison for three years. Had the Legislature intended to limit the provision to final conviction, it would have said so as it did in other instances. For illustration, section 90 of the Judiciary Law, which provides that a lawyer, upon conviction of a felony, shall have his name stricken from the roll of counselors. In the event of the reversal of the conviction the Appellate Division may vacate or modify the order of debarment (Judiciary Law, § 90, subds. 4, 5).
By chapter 700 of the Laws of 1968, subdivision (3) of section 170 of the Domestic Relations Law has been amended to change the word “to” to “in”. A legislative memorandum accompanying the bill states that the substitution was made in the interest of clarity and to express the legislative intention which was that the party “ be physically imprisoned.”
For the foregoing reasons judgment for the plaintiff is granted.