Cumberland Telelphone & Telegraph Company v. Edward H. Jackson.

[48 South. 614.]

Damages. *Instructions. Verdict. "Anxiety." Harmless error.*

In a case in which punitive damages were not recoverable the judgment will not be reversed because a plaintiff's instruction allowed an award of "such damages as would compensate plaintiff for necessary inconvenience, anxiety and worry," although the use of the word "anxiety" was erroneous as permitting damages for mental anguish, where by a defendant's instruction the jury was limited to actual damages and the amount of the verdict shows that damages for mental suffering were not awarded.

2. SUPREME COURT PRACTICE.   *Technical error.*

> The function of the supreme court is to determine whether the
> the right result was reached below without reversible error, and
> it will not make a hypercritical search for technical error in
> order to reverse.

FROM the circuit court of Adams county.

HON. MOYSE H. WILKINSON, Judge.

Jackson, appellee, was plaintiff in the court below; the tele-
phone company, appellant, was defendant there.   From a judg-
ment in plaintiff's favor for $100 defendant appealed to the
supreme court.

The plaintiff's wife became ill at night and needed the atten-
tion of a physician.   Plaintiff endeavored by use of the tele-
phone to call a physician, but after ringing several times got no
response.   He waited fifteen minutes, and then went in the
night for a physician, leaving his wife in the care of a servant.
After arriving at the physician's house he there tried to tele-
phone his residence, but got no response from the exchange.   He
sued for $1,000 because of the injury suffered by the delay,
anxiety, and worry on account of the illness of his wife, and de-
manded punitive damages.   Wilfulness on the part of the em-
ployes of the telephone company was not shown, but it was
shown that at night there was only two employes in the ex-
change, although during the daytime fifteen employes were there
engaged.   The court below declined to permit the jury to con-
sider punitive damages, limiting the verdict, by a defendant's
instruction, to actual damages, but gave plaintiff an instruction
which permitted them to consider inconvenience, anxiety, and
worry as an element of actual damage.

*Harris & Willing,* for appellant.

It is not pretended that the telephone company knew that the
plaintiff's wife was ill or that they had any reason to expect that
she would be ill during the night, or that the plaintiff was com-
pelled to go for a doctor, or that he was suffering any uneasiness
or mental distress, or would suffer.

It is elementary law that wilfulness and malice or wantoness are not to be presumed.   Mere negligence can be presumed, and is presumed from a given state of facts, but there must be some proof more than a mere failure to discharge a duty to justify the imposition of punitive damages.   The rule is laid down in the 4th Ency. thus:

"To justify the awarding of exemplary damages for a wrongful acts, the burden of proof is upon the plaintiff to show by competent evidence that the acts complained of were malicious and wanton."   See 4 Ency. of Evidence, p. 8; 69 Ia. 136; 65 Ia. 443, 22 N. W. 66; 18 Kan. 523.

We particularly call the court's attention to the cases of *Western Union, etc., Co. v. Clifton,* 68 Miss. 307, 8 South. 746; *Jacobs v. Postal Telegraph Co.,* 76 Miss. 278; 24 South. 535; *Western Union, etc., Co. v. Pallotta,* 81 Miss. 216, 32 South. 310; *Johnson v. Western Union, etc.,* 79 Miss. 58, 29 South. 787.

The instruction with which we find fault is the first instruction given for the plaintiff.

It was tantamount to an instruction to find punitive damages, because the elements to be considered by the jury in making up its verdict could only be considerd in a case for punitive damages, where such circumstances could be testified to in aggravation of damages.

It is now settled in this state, beyond any controversy, that in cases of this character mere mental disturbances, unaccompanied with bodily injury, or evidence of intention or wilful wrong, do not constitute elements of compensatory damages, and are not subjects for compensation?

*Marion W. Reiley* and *Lemuel P. Connor,* for appellee.

When appellant installed its telephone in the residence of appellee it contracted to answer his calls promptly.   It is because of the fact that telephones afford almost instantaneous communication with other persons who are at a distance, that

makes them desirable. Would subscribers pay the prices demanded by appellant if appellant contracted to connect its subscribers only after a subscriber had rang his telephone for fifteen minutes? Certainly not.

Appellee testified that he rang the telephone for fifteen minutes and received no response.

It is undisputed testimony that the telephone of appellee was in perfect working order on the night before the alleged wrong complained of, and also on the morning following said occasion.

The court below refused to permit the jury to award punitive damages.

But the appellant contends that the annoyance and worry of appellee was not the natural and probable result of the wrongful act of appellant, and appellant cannot therefore be responsible for them. Appellant knew the purposes for which appellee would use his telephone, or the law presumes that it knew them, and must have known that appellee would suffer annoyance and worry should appellant through its negligence fail to serve appellee when appellee required a physician to attend a member of the family desperately ill.

It is the settled law in this state that compensatory damages are not limited to pecuniary losses. *Howlett v. George,* 68 Miss. 703, 9 South. 885; *Railroad Co. v. Bloom,* 71 Miss. 247, 15 South. 72.

Argued orally by *J. B. Harris,* for appellant.

WHITFIELD, C. J., delivered the opinion of the court.

The verdict in this case was manifestly, under the instructions and the testimony, for compensatory damages only. The chief complaint of the appellant is as to instruction No. 1 for the plaintiff, which is as follows: "That, if the jury find for the plaintiff, it should assess such reasonable amount of damages against said defendant, not to exceed $1,000, as will compensate plaintiff for necessary inconvenience, anxiety, and worry

caused, if any, by said wrongful act, if any." It is insisted "anxiety" must necessarily mean mental anxiety, and that hence this is a charge to find damages due to mental anguish. But the court gave, for the defendant, instruction No. 3, by which they were told that the defendant company could not be held liable, in any event, for more than the actual damages sustained. There is no complaint whatever as to any other instruction than said instruction No. 1 for the plaintiff, and that complaint is based upon the hypercritical contention that the word "anxiety" must mean, necessarily, mental anxiety in that instruction. It is familiar learning that all the instructions given in any case must be construed together, so as to harmonize them, if reasonably it can be done. When, therefore, the court told the jury, in said instruction No. 3 for defendant, that only actual damages could be recovered, that should be taken as curing the first instruction in the mere use of the word "anxiety" on the face of the instructions themselves.

But there are other considerations quite determinative against the contention of appellant: First, the word "mental" is not used in the first instruction in connection with the word "anxiety;" second, looking at the case and the result reached in the case in a common-sense, practical way, the only way in which courts can successfully administer justice between litigants, it is perfectly obvious that the verdict awarded by the jury for $100 must necessarily have only been for actual damages—that is to say, neither for punitive damages, nor for any damages due to mental anguish. If the jury had intended in their verdict to find damages due to mental anguish, there can be no question that the verdict would have been far in excess of $100. The fact, therefore, that it was limited to that small sum, is conclusive to our minds that the jury did not embrace in their finding any damages due to mental anguish. So that, even if the word "anxiety" was improperly used in the first instruction, and even if, going further, it did constitute error, it is impossible to say, from any rational standpoint, that it had

anything to do with the amount of this verdict, and so could not possibly constitute reversible error.

The learned counsel for appellant seems to have overlooked that the *Hobart case,* 89 Miss. 252, 42 South. 349, 119 Am. St. Rep. 702, classed the finding of damages for "annoyance" as actual damages, as, manifestly, such damages may be, in many cases, easy to be imagined, of which this case itself is a very striking illustration. When this plaintiff was required to get up at midnight and go on a search for a doctor, is it to be said that the loss of time and the extra effort, etc., involved in this search at midnight for a doctor, would not constitute annoyance, and annoyance as an element of actual damages, just as it was in the *Hobart case?* Surely not. In short, when this court looks to see whether the right result has been reached by the court below in this particular case, it is not engaged in a microscopical search for error whereby a technical reversal might be secured; but it is engaged, as it ought to be engaged, in ascertaining whether the right result has been reached and no reversible error committed by the court below.

Thus looking at the result, and keeping in mind said instruction No. 3 for the defendant, keeping in mind the extent of the annoyance, the extra effort, and the trouble occasioned the plaintiff, and especially keeping in mind the very small verdict rendered in the case, it would be manifestly a defeat of practical justice to reverse this case, even if it should be held that the use of the word "anxiety" in said first instruction for the plaintiff was technical error. It is hardly necessary to add that the *Rogers case,* in 68 Miss. 748, 9 South. 823, 13 L. R. A. 859, 24 Am. St. Rep. 300, is in no way interferred with by this case.

*Affirmed.*