## MAY *v.* YOUNG.

(Division A.   Oct. 17, 1932.)

[143 So. 703.   No. 30145.]

**J. H. Sumrall**, of Jackson, for appellant.

**R. L. Jones**, of Brookhaven, for appellee.

**Smith, C. J.**, delivered the opinion of the court.

This is an appeal from a judgment rendered in an election contest begun by the appellant under the provisions of section 6258, Code of 1930. The allegations of the appellant's petition are in substance as follows: He is a duly qualified elector and possesses the other qualifications for the office of county superintendent of education. In due time he filed with the democratic executive committee of Lincoln county a statement declaring his desire to become a candidate for nomination by the democratic party for election to the office of county superintendent of education, and complied with all of the requirements therefor. The appellee filed with the executive committee a similar request, but that he, the appellee, did not possess the statutory requirements for holding the office of county superintendent of education, and in addition thereto was not a qualified elector, which facts were known to the executive committee. It was therefore the duty of the executive committee to declare the appellant the party nominee for the office and to certify that fact to the election commissioners, but the committee fraudulently declined so to do.

The petition, without alleging who were the candidates in the party primary election, proceeds to allege that the appellee was declared the party nominee after the primary election, and his name was placed on the official ballot at the general election; that the action of the executive committee in failing to declare the appellant the party nominee and permitting the appellee to be a candidate for the nomination at the primary election was fraudulent and void, resulting in all votes being cast for him at the general election being illegal. The appellant's name was not on the ballot at the general election, but some of the voters "knowing of the lack of qualification for the office of the said Eddie M. Young, because

of the publicity given to the matter of his disqualification, and relying upon the statute which authorizes the writing of the name of a candidate upon a ticket, when the candidate whose name appears on the ticket is known to be unable to qualify and serve in the office, wrote the name of your petitioner upon the ballots used by them in casting their votes in the general election in November, 1931, in the proper place designating him as a candidate for the office of county superintendent of education of Lincoln county, and placed the proper mark opposite his name, thereby indicating him as their choice for said office."

The election certificate, over the appellant's protest, was awarded to the appellee by the election commissioners. The prayer of the petition is that the appellant "be declared elected to the office of county superintendent of Lincoln county, Mississippi, and that he be commissioned by the governor, and allowed to qualify for said office." A demurrer to this petition was sustained, and on his request therefor the appellant was granted permission to amend his petition within ten days, and on failure so to do "the petition is dismissed." It does not appear from the record whether or not this amendment was made, and we will presume that it was not; no point being made by counsel thereon.

The only question which the court below was authorized to investigate and determine was which of the parties hereto received "the greatest number of legal votes at the election." Section 6258, Code of 1930; Pradat v. Ramsey, 47 Miss. 24; Weisinger v. McGehee, 160 Miss. 424, 134 So. 148.

Two of the contentions of counsel for the appellee are, first, that the votes cast for the appellant were illegal, and second, that the votes cast for the appellee were legal. Both of these contentions are sound.

The only instance in which the name of a person not appearing on the ballots at an election for office can be

written thereon by the voters is that permitted by section 6233, Code of 1930, which provides: "There shall be left on each ballot one blank space under the title of each office to be voted for, and in the event of the death of any candidate whose name shall have been printed on the official ballot, the name of the candidate duly substituted in the place of such deceased candidate, may be written in such blank space by the voter." McKenzie v. Boykin, 111 Miss. 256, 71 So. 382. Therefore the votes cast for the appellant were illegal.

That the appellee is disqualified from holding the office, which on this record we must assume to be the fact, does not affect the legality of the votes cast for him. "The question of the successful candidate's eligibility to hold office is a proper subject of inquiry by quo warranto and cannot as a rule be raised in a statutory contest of election." 20 C. J. 275, p. 217. This question was expressly so decided in Sublett v. Bedwell, 47 Miss. 266, 12 Am. Rep. 338, in an election contest under section 391, Rev. Code of 1871, which provides as does the statute here that the verdict of the jury shall find the person having the greatest number of legal votes at the election. This is in accord with the holdings of courts elsewhere. Note, also, State of Indiana ex rel. v. Bell, 169 Ind. 61, 82 N. E. 69, 13 L. R. A. (N. S.) 1013, 124 Am. St. Rep. 203. Compare, Warren v. State ex rel. Barnes (Miss.), 141 So. 901.

But it is said by counsel for appellant that the democratic executive committee fraudulently permitted the appellee to be declared the party nominee, and that as fraud vitiates everything the appellee's name was illegally on the ballot at the general election. Without stopping to inquire how far, if at all, the legality of a primary election can be inquired into in election contests of the character here in consideration, it will be sufficient to say that the fraud charged is simply that the members of the party executive committee knew

of the appellee's disqualification for the office. This fraudulent conduct, if such it was, resulted only in (a) the appellant's name not being on the ballots at the general election, and (b) in the name of a person disqualified for the office being thereon. That the appellant's name was fraudulently kept off of the ballots did not authorize the voters to write his name thereon; the right so to do being conferred and measured by section 6233, Code of 1930, and that the appellee is disqualified from holding the office does not, as hereinbefore stated, render the votes cast for him illegal.

Affirmed.