## OMAR v. WEST.

(Division B. May 22, 1939. Suggestion of Error Overruled June 12, 1939.)

[188 So. 917. No. 33718.]

**Gore & Strong**, of Marks, for appellant.

**W. W. Venable,** of Clarksdale, for appellee.

**Anderson, J.,** delivered the opinion of the court.

Appellant, Omar, contested the election of appellee, West, to the office of marshal of the town of Lambert.

The contest was under authority of Section 6258 of the Code of 1930 (Chapter on Registration and Elections). The cause was tried by the circuit judge on the pleadings and agreed facts, resulting in a judgment in West's favor. From that judgment, Omar prosecutes this appeal. Pending the appeal, West was enjoined from taking office until the final determination of the cause.

The grounds of contest were: (1) The action of the democratic executive committee of the town (both Omar and West being members of that party) in ordering a third primary election to determine which should be the nominee of the party, no nomination having been made in a first or second primary, there being a tie vote between Omar and West in the second primary, which Omar contended should have been settled by lot, as provided by Section 6250 of the Chapter on Registration and Elections, the third primary being without authority of law and void; (2) the action of the election commissioners of the town in refusing to print Omar's name on the official ballot as a candidate for the office in the general election, although he had complied in all respects with the statutes authorizing that to be done.

The facts are: Omar was the incumbent and had been for some time. His term was expiring on the first Monday in January, 1939. The town of Lambert is a Code Chapter municipality (Chapter 50, Code of 1930). Its officers therefore hold for two years.

Both parties were citizens and qualified electors of the town. Stone, Crothers, and Lamar were the election commissioners of the town. A democratic primary election was held for the nomination of candidates for the various offices of the town, including that of marshal. The time was September 20, 1938. The names of Omar and West, by proper procedure, were placed on the ballots as party candidates for nomination to the office of marshal. No nomination was made for that office in the first primary. They received the highest number of votes, and in a second primary ordered by the executive committee held on September 27, 1938, their names were

printed on the official ballots as party candidates for nomination for the office. The result of the second primary was a tie vote between them. Therefore, there was no nomination. The party executive committee, without entering a formal order to that effect, held a third primary election for the purpose of settling the tie between the two candidates. Omar protested against that action, insisting that the tie be settled by lot. His protest and contention, although not reduced to writing and presented to the executive committee, was publicly and repeatedly made. He announced that he would not participate in the third primary and would not consent for his name to be printed on the ballots as a candidate. He published, posted, and circulated notices to that effect. In addition, he stated that he would be a candidate for the office in the general election to be held in December following. The result of the third primary was that West was declared the party nominee. More than fifteen days before the general election, which was held on December 13, 1938, Omar presented to the election commissioners of the town a petition in writing signed by eighty-eight qualified electors of the town, asking that his name be printed on the official ballots as a candidate for the office of marshal.

At a regular meeting of the election commissioners, held more than fifteen days before the general election, the prayer of Omar's petition was granted and an order was made requiring his name to be printed on the official ballots. Immediately after that action the mayor and board of aldermen held a meeting and entered an order removing the then election commissioners from office and appointing in their stead three others. More than fifteen days before the general election, Omar's petition, signed by the eighty-eight qualified electors, was presented to the new board of election commissioners. That board adjudged that the petition contained the names of more than fifty qualified electors of the town; that neither Omar nor any of the signers of the petition had participated in the third primary, but had participated in the

first and second primaries, but refused Omar's request that his name go on the official ballots. From that order, Omar appealed to the circuit court. That court, on December 3, 1938, ten days before the holding of the general election, entered an order reversing the decision of the election commissioners and requiring them to place the name of Omar on the official ballots to be used in the general election.

West made application to the Supreme Court for an appeal from that order with supersedeas. It was denied by the circuit judge. The same application was then made to one of the judges of the supreme court, and by him granted. This occurred on December 12th, the day before the election. The election was held on December 13th, as provided by law (quoting from the agreed facts), "except that as to the office of marshal of said town plaintiff's name was omitted from the official ballot to be used at said general election and only the name of defendant, West, appeared on said official ballot as the candidate for the office of marshal of said town." In that election West received fifty-six legal votes. Thereupon a certificate of election was duly issued to him and and certified to the secretary of state. Less than one-third of the total registered qualified electors participated in the election. When the trial took place, West had not received a commission from the Secretary of State. On the application of Omar, West was enjoined from entering upon the discharge of the duties of the office until the final determination of this cause. From that order, West prosecutes a cross appeal. The appeal to the Supreme Court from the judgment of the circuit judge requiring Omar's name to be printed on the official ballots, which was superseded by an order of one of the Supreme Court Judges, was after the election dismissed because the questions involved had become moot.

Section 6301 of the Chapter on Registration and Elections provides that that chapter "shall apply as far as practicable to all general or primary municipal elections." Section 5905 of the Chapter on Primary Elec-

tions provides that that chapter so far as applicable shall govern municipal primary elections. Section 6250 of the Chapter on Registration and Elections provides, among other things, that where there is a tie vote the election shall be decided by lot drawn by the commissioners with the aid of two or more electors, freeholders. of the county. Section 5909 of the Chapter on Primary Elections provides, among other things, that the name of any candidate shall not be placed on the official ballot in a general or special election as a party nominee, who is not nominated as provided in that chapter, and the election of any such person, who shall be nominated otherwise than therein provided, shall be void, and he shall not be entitled to hold the office to which he has been elected.

It appears manifest that the provisions of the chapter on registration and elections above referred to should be read into and treated as a part of the chapter on primary elections so far as applicable. That done, it follows that the tie vote in the second primary election should have been settled by lot and not by a third primary election. There is no authority of law for a third primary election for any purpose whatever. And furthermore, Omar was entitled by the petition he presented to have his name printed on the official ballot as a candidate for the office in the general election. His participation in the first and second primaries did not bar him from that course. He was not deserting his party. His party had ceased to function legally—had failed to make a nomination as provided by law. It went part of the way provided by law for the nomination of a candidate and stopped. Its action amounted to nothing. It follows that under Section 5909 of the Chapter on Primary Elections that West's election was void.

It does not follow, however, that Omar was entitled to contest his election  Omar does not claim that he was elected to the office. His ground of contest is that West was not. Section 6258 of the Chapter on Registration and Elections provides, among other things, that the

issue in the trial of an election contest shall be, which of the contestants received the greatest number of legal votes. Can a person, who makes no claim to have been elected to a certain office in a private suit, oust from that office one declared to have been elected by the governing authorities? We are of opinion that question must be answered in the negative. The only remedy is quo warranto, as provided by Chapter 59 of the Code of 1930. The question is a public and not a private one. Therefore, the proceeding must be on behalf of the public. May v. Young, 164 Miss. 35, 143 So. 703, lays down the governing principles. It expressly holds that quo warranto is the remedy. West, to sustain his contention, relies largely on Sublett v. Bedwell, 47 Miss. 266, 12 Am. Rep. 338. We are unable to see any substantial conflict between that case and the May v. Young case. One of the grounds of contest in that case was, which of the candidates received the greater number of legal votes. We hold that although West's election was void, Omar is without remedy except by quo warranto. And further, that this action cannot be treated as a quo warranto proceeding because it is not in the name of the state which is required by the first section of the chapter on quo warranto (section 3053).

The result is the injunction issued is dissolved and the judgment affirmed.

Affirmed.