McKENZIE et al. v. THOMPSON.

(Division A. Oct. 23, 1939.)

[191 So. 487. No. 33968.]

**T. J. Wills**, of Hattiesburg, for appellant.

Hannah, Simrall & Foote, of Hattiesburg, for appellee.

**Anderson, J.,** delivered the opinion of the court.

Appellant, McKenzie, contested the nomination of appellee, Thompson, as the Democratic nominee for sheriff of Forrest County. The Democratic executive committee of the county declared Thompson nominated. McKenzie instituted proceedings under the Corrupt Practices Act (Chapter 19, Laws of 1935, Ex. Sess.) to contest the nomination before the special court provided for in that act. The trial resulted in the judgment of that court declaring Thompson the nominee. From that judgment, McKenzie appeals.

The only question is whether McKenzie was entitled to contest Thompson's nomination upon the ground alone that he was not a qualified elector of the county. Thompson's position is that his qualifications for the office are not involved in a proceeding of this character. We so hold and reach that conclusion upon the following considerations: The special tribunal set up by the Corrupt Practices Act has no authority to go beyond ascertaining the will of the qualified electors participating in the party primary. To that end, it has the authority and duty to determine whether those voting or offering to vote are qualified electors and entitled to vote, and whether in all substantial respects the election was fairly and honestly held in compliance with the various provisions of the law. Hayes v. Abney (Miss.), 188 So. 533.

We think by analogy this question is governed by the principles applicable to contests between candidates in a general election. It is a public question, not a private one. The only remedy is after the general election in the

nature of a quo warranto under Section 3053, Code of 1930, which provides for such a remedy in the name of the state against any person who unlawfully holds or exercises the functions of a public office. May v. Young, 164 Miss. 35, 143 So. 703; Omar v. West (Miss.), 188 So. 917.

McKenzie does not claim that he was nominated by receiving a majority of the votes, but that Thompson was not because he was not eligible to the office. In other words, he admits that Thompson got the majority of the legal votes cast, but they should not be counted for him because of his disqualification to hold the office. That is a public question, and not a private one.

Affirmed.