STATE, EX REL. POWE *v.* PITTMAN

No. 43631 November 1, 1965 179 So. 2d 563

*Dudley W. Conner,* Hattiesburg, for appellant.

*M. M. Roberts, Heidelberg, Sutherland & McKenzie, Zachary & Weldy,* Hattiesburg, for appellees.

RODGERS, J.

This case is a sequel to Powe v. Forrest County Election Commission which is reported in 249 Miss. 757, 163 So. 2d at 656 (1964). In the former case, the present and former relator, Powe, filed a petition for a writ of mandamus to require the Forrest County Election Commission to put his name on the ballot as a Republican candidate for the office of State Senator for the Eighth Senatorial District from Forrest County, Mississippi, in the general election, held on November 5, 1963. However, after a proper hearing, the Election Commission decided that although the petitioner had been a voter for four years (the time required by the Constitution of Mississippi, section 42 1890) he had registered as required by order of the Supervisors of Forrest County, Mississippi, for the years 1934, 1942, and 1949, and that although he had voted in 1922 and 1923, he had not registered until October 4, 1959. His petition was denied and he did not appeal, as he had a right to do, but sought to force the Election Commission to put his name on the ballot by mandamus proceeding. On appeal to this Court, we held that (1) the issue was discretionary with the administrative agency; (2) mandamus would not issue to disturb the order of the administrative agency acting within its discretion; and (3) the petitioner, having failed to exercise his right to exhaust his administrative remedy, was foreclosed from proceeding in the circuit court.

In the instant case, the petitioner seeks quo warranto proceeding against the person elected on the occasion when he sought to have his name placed upon the ballot. After careful consideration, we have reached the conclusion that the appellant here may not main-

tain a quo warranto proceeding under the facts in this case, for the following reasons. Mississippi Code Annotated section 1121 (1956) permits the information to be brought ''on relation of another and in a case to try the rights to an office on the relation of the claimant thereof.''

However, this Court said in State v. Henderson, 166 Miss. 530, 146 So. 456 (1933), ''and the words, 'on relation of another,' of the statute, refer to a person at whose instance, and for whose benefit, the proceeding is instituted . . . .'' (Code 1930 § 3054), and where the relators had no claim to the office, a demurrer was properly sustained to the petition. See also State ex rel. Funches v. Keys, 215 Miss. 562, 61 So. 2d 339 (1952).

The appellant argues, however, that ''where a candidate is entitled to have his name placed upon a ballot, and his name is wrongfully withheld from the ballot, the election is void.'' In short, the appellant claims that the election was void and that the incumbent wrongfully holds office because the appellant's name was not placed upon the ballot.

██ ██ We are of the opinion, however, that the case of Powe v. Forrest County Election Commission, *supra,* settles the issue as to whether or not the defendant's name was wrongfully withheld from the ballot, because the law, Mississippi Code Annotated section 3227 (1956) expressly states that the order of the Board of Election Commissioners shall be final as to questions of fact and since appellant did not appeal the issue as to whether or not his name was properly withheld from the ballot, the order of the Election Commission is final, and this issue is settled. The appellant could not bring a quo warranto proceeding to again try that issue in the name of the state.

The appellant insists that since the trial court dismissed the quo warranto proceeding upon the plea in bar filed by the Forrest County Election Commission,

and since the Commission was not a proper party to the proceeding, the plea in bar was not a proper plea, and since the trial court acted upon the plea as if it were a demurrer to the information and dismissed the proceeding, the trial court committed reversible error.

██ ██ We are of the opinion, however, that inasmuch as the appellant could not retry the issue heretofore determined by the former judgment of this Court (Powe, *supra*), the fact that the quo warranto proceeding was dismissed on irregular pleadings is not such an error as will require a reversal of the judgment of the trial court. See Rule 11, Miss. Rules (1964). When this Court determines that the right result has been reached by the court below in a particular case, it will not engage in microscopical search for error, whereby a technical reversal might be secured. ██ ██ If the right result has been reached by a judgment of the trial court, the judgment will be affirmed, although it may appear that there is some error in the pleading. Cumberland Tel. & Tel. Co. v. Jackson, 95 Miss. 79, 48 So. 614 (1909); 3 Am. Jur. *Appeal and Error* §§1003-1006 (1936).

The judgment of the trial court will be affirmed.

Affirmed.

*Lee, C. J., Brady, Patterson and Inzer, JJ.*, concur.