259 So.2d 698 (1972)
STATE of Mississippi, on relation of Jean D. MUIRHEAD
v.
STATE BOARD OF ELECTION COMMISSIONERS and James Donald Spann.
No. 46794.
Supreme Court of Mississippi.
March 20, 1972.
Rehearing Denied April 10, 1972.
*699 Merrida P. Coxwell, Jackson, for appellant.
Sullivan, Sullivan & Keyes, Jackson, A.F. Summer, Atty. Gen., by W.D. Coleman, Asst. Atty. Gen., Jackson, for State Board of Election Commissioners.
RODGERS, Presiding Justice.
This litigation began as a petition in the nature of an application for a writ of quo warranto to determine who is entitled to hold the office of Senator of Post 5 of the 27th Senatorial District of Mississippi.
Jean D. Muirhead alleged that she is a resident of Hinds County, Mississippi, and that at that time she held the office of Senator, Post 5 of the 27th Senatorial District. She alleged that James Donald Spann is also a resident of the aforesaid district, that the Mississippi Legislature changed the district number to District 22, and that both parties were candidates for the office of Senator from the new district.
She alleged that James Donald Spann was challenged before the Hinds County Election Commission on the ground that he was a convicted felon, having been convicted in the U.S. District Court for the Southern District of Mississippi. There are several exhibits attached to the petition showing that James Donald Spann pleaded guilty to five counts in an indictment charging him with the possession and operation of an unregistered still, and also concealment of tax due and unpaid on whiskey in unstamped containers.
The verified petition filed by Jean D. Muirhead has attached thereto, as Exhibit B, the minutes of the October 4, 1971 meeting of the Hinds County Election Commission, wherein it is shown, among other things, that "Mr. Coxswell, representing the Republican Party and Mrs. Jean Muirhead, offered the opinion that Section 680 of the Mississippi [Code] Constitution did cover this type conviction."
The following minutes dated October 5, 1971, appear as Exhibit B, Page 4, attached to the verified petition filed in the Circuit Court:
"The Hinds County Election Commission in Executive Session this the 5th day of October, 1971, re the case of petition filed by Mrs. Jean Muirhead, Incumbent Senator (Republican nominee) to disqualify Mr. Don Spann, Democratic nominee, for the position of Senate Post #5, Senate District 22, does hereby rule that Mr. Don Spann's name will remain on the ballot for the General Election of November 2, 1971."
James Donald Spann filed a general demurrer to the petition for quo warranto, and the Circuit Court sustained the demurrer and dismissed the petition. The petitioner, Mrs. Jean D. Muirhead, has appealed to this Court and now contends that she was not a party to the challenge made before the Election Commission; that she was the duly elected Senator with the right to hold the office until her successor was elected; that James Donald Spann, who received a majority of the votes, was ineligible to hold the office; and, in effect, that she should be permitted to hold the office until a special election could be held to determine her successor.
*700 An examination of the record, however, convinces us that the trial court was correct in sustaining the demurrer for the following reasons.
A private person is permitted to bring a petition, on information in quo warranto, to try the right of an office in the name of the State of Mississippi:
"First.  Whenever any person unlawfully holds or exercises the functions of any public office, civil or military, or franchise, or any office in any corporation, city, town, or village, and to try the right to any such office." (Emphasis added) Sec. 1120, Miss.Code 1942 Ann. (1956).
This Court has held that the foregoing quo warranto proceeding is the proper remedy to contest the qualifications of a successful candidate to hold the office. McKenzie v. Thompson, 186 Miss. 524, 191 So. 487 (1939); May v. Young, 164 Miss. 35, 143 So. 703 (1932).
The appellees contend, however, that since the petitioner challenged the right of the defendant James Donald Spann to the office before the County Election Commissioners, and Mrs. Muirhead did not appeal from their adverse order, she is precluded from filing an information to obtain a quo warranto writ. They cite State ex rel. Powe v. Pittman, 253 Miss. 844, 179 So.2d 563 (1965), as authority for this contention. The Powe case, however, is not applicable here because it is based upon a mandamus case previously decided under the limited authority of the election and registration statutes. See: Powe v. Forrest County Election Commission, 249 Miss. 757, 163 So.2d 656 (1964). It does, however, bring into focus the procedure of appeal from an administrative agency.
The basis of appellant's claim is that she was the duly elected Mississippi Senator of Post 5, Senatorial District Number 27, and as such was entitled to hold over as Senator of Post 5 in the new Senatorial District until her successor was elected and qualified for the office. See; Section 136, Mississippi Constitution (1890) and Section 3228, Mississippi Code 1942 Annotated (1956).
Without making a study of the issue as to whether or not the petitioner was a party to the challenge before the Hinds County Election Commission, we go directly to the question raised in the challenge and in the quo warranto proceedings, namely, does the plea of guilty to a federal charge disqualify a person from holding a state office.
Petitioner contends that James Donald Spann is a felon, having pled guilty to a felony charge in the U.S. District Court; and, therefore, he is precluded from holding office under the terms of Section 44, Mississippi Constitution (1890). The pertinent parts of this section are as follows:
"Section 44. No person shall be eligible to a seat in either house of the legislature, ... who shall have been convicted of bribery, perjury, or other infamous crime; ..."
The term "infamous crime" is defined in Section 680, Mississippi Code 1942 Annotated (1956) as follows:
"The term `infamous crime' when used in any statute, shall mean offenses punished with death or confinement in the penitentiary."
The definition of words used in statutes by the Legislature are made to aid the courts in interpreting the statutory intent of the Legislature. On the other hand, the meaning of words found in the Constitution are for the interpretation of the Supreme Court. Although definitions of words used by the Legislature may be persuasive in determining the meaning of words in the Constitution, they are not controlling.
In the case of Brady v. Howe, 50 Miss. 607 (1874), this Court held that for one to be guilty of an infamous crime there must *701 have been a judicial conviction. Does this mean a conviction in any court of the United States or in the Federal Court, or is it limited to the convictions had in the courts of Mississippi?
This Court held in the case of State ex rel. Mitchell v. McDonald, 164 Miss. 405, 145 So. 508 (1933), that in order to disqualify a person from serving in an elective office within Mississippi, the person must have been convicted by a court in Mississippi.
In the McDonald case, supra, the record shows that McDonald had pleaded guilty to a perjury indictment in the District Court of the United States for the Eastern Division of Louisiana.
This Court had this to say in the McDonald case:
"... [T]he record shows that the charge relied upon herein is based on a violation of the laws of the United States and not the laws of the State of Mississippi, and the conviction complained about, being a proceeding in the federal court and not a state court, would not be within the terms of disqualification for holding office, as fixed by our laws.
......
"... `Where the constitution contains such a provision it applies to crimes committed under the jurisdiction of the state providing the disqualification and not to crimes against another government.'" 164 Miss. at 418-419, 145 So. at 511.
......
"... `We are of the opinion that upon well-settled principles and sound reason the statute is confined to a conviction in this state.'
"We are of the opinion that, in so far as the charge of disqualification on account of conviction of crime is concerned, the court below committed no error in excluding the evidence, ..." 164 Miss. at 421, 145 So. at 512.
McDonald, supra, has been cited in many cases throughout the nation as authority for the proposition that conviction of a crime in another jurisdiction does not disqualify one from holding office in the state where the person is elected. There are several reasons given for this rule, but the one most quoted seems to be the one mentioned in Logan v. United States, 144 U.S. 263, 12 S.Ct. 617, 630, 36 L.Ed. 429 (1892), and quoted in Gutterman v. State, 141 So.2d 21 (Fla.App. 1962), as follows:
"`At common law, and on general principles of jurisprudence, when not controlled by express statute giving effect within the State which enacts it to a conviction and sentence in another State, such conviction and sentence can have no effect, by way of penalty, or of personal disability or disqualification, beyond the limits of the State in which the judgment is rendered.' ... 141 So.2d at 23.
McDonald, supra, was cited in Isaacs v. Board of Ballot Commissioners, 122 W. Va. 703, 12 S.E.2d 510 (1940). The facts in that case are almost identical to the facts here before the Court. In that case one Greely Isaacs challenged the candidacy of C.J. Marcum for the office of Member of the House of Delegates from Lincoln County. It appears that Marcum received the greater number of votes in a Democratic Primary; that he was challenged by a mandamus petition upon the ground, among others, that he had been convicted of a felony in the District Court of the United States for the Southern District of West Virginia, and that he was sentenced to a federal prison.
The petition was based upon the proposition that the Constitution of West Virginia prohibited the defendant from holding office. The constitution in that state is similar to the Constitution of Mississippi on this subject. It is as follows:
"No person who has been, or hereafter shall be convicted of bribery, perjury, or *702 other infamous crimes, shall be eligible to a seat in the Legislature." 122 W. Va. at 705, 12 S.E.2d at 512.
In addition to the reasons set forth in McDonald, supra, the West Virginia Court had this to say:
"The right of a citizen to hold office is the general rule; ineligibility the exception. Courts are hesitant to take action resulting in deprivation of the privilege to hold office, except under clear and explicit constitutional or statutory requirement. This just and magnanimous judicial approach is exemplified in our case, Webb v. County Court, 113 W. Va. 474, 168 S.E. 760, 761. Therein we said:
`It is the anxious desire of the state that those of her citizens who have transgressed her laws, suffered convictions, and paid the penalty of the law, shall profit from their unfortunate experience and thereafter make of themselves good citizens by leading lives of uprightness and usefulness.'" 122 W. Va. at 705, 12 S.E.2d at 512.
We are aware that there are some cases which hold to the contrary, one of which is the case of State ex rel. Olson v. Langer, 65 N.D. 68, 256 N.W. 377 (1934) in which the McDonald case is cited both in the majority opinion and in a well-reasoned dissent. Some of the cases holding the contrary view have well-reasoned dissents attached to the majority opinions. For example, see Hulgan v. Thornton, 205 Ga. 753, 55 S.E. 115 (1949).
In the case of Crothers v. Jones, 239 La. 800, 120 So.2d 248 (1960), the Louisiana Court pointed out that where the Constitution of that state referred to "crimes punishable in the Penitentiary" it refers to the Louisiana Penitentiary. In that case the person challenged had been convicted under an indictment in a federal court.
It is apparent to us that the words "in the penitentiary" used in Section 680, Mississippi Code 1942 Annotated (1956) above quoted refers to the Mississippi Penitentiary, and not the federal penitentiary.
In Daughdrill v. Daughdrill, 180 Miss. 589, 178 So. 106 (1938), we pointed out that "the" penitentiary does not mean just any penitentiary or "a" penitentiary, but means the Mississippi Penitentiary.
After having examined the problem here at issue in all its facets, we are driven to the conclusion that the quo warranto petition was properly dismissed and that the successful candidate James Donald Spann was and is qualified to hold the office of Mississippi State Senator.
The judgment of the Circuit Court must therefore be affirmed.
Affirmed.
PATTERSON, INZER, SMITH and ROBERTSON, JJ., concur.