# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 96-CA-01152-SCT

*GARY W. MAUNEY*

*v.*

*STATE OF MISSISSIPPI, EX REL. MIKE MOORE, ATTORNEY GENERAL; AND JIM HOOD, DISTRICT ATTORNEY FOR THE THIRD CIRCUIT COURT DISTRICT OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 09/23/96 |
| TRIAL JUDGE: | HON. HOWARD Q. DAVIS, JR. |
| COURT FROM WHICH APPEALED: | TIPPAH COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | WILLIAM R. FORTIER |
| | B. SEAN AKINS |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: ROBERT E. SANDERS |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | AFFIRMED - 02/26/98 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 4/8/98 |

**BEFORE SULLIVAN, P.J., BANKS AND MILLS, JJ.**

**SULLIVAN, PRESIDING JUSTICE, FOR THE COURT:**

¶1. Gary Mauney was elected Sheriff of Tippah County on November 7, 1995. In his Qualifying Statement of Intent for Candidate for Party Nomination, Mauney indicated that he had never been convicted of a "crime punishable by confinement in the Penitentiary." On June 21, 1996, the State filed an action in quo warranto in the Circuit Court of Tippah County to have Sheriff Mauney removed from office. The State alleged that Mauney was ineligible to hold office under Section 44 of the Mississippi Constitution, which provides that a person convicted of an "infamous crime" is ineligible to hold "any office of profit or trust." Miss. Const. art. 4, § 44. Paul Gowdy, the incumbent sheriff defeated by Mauney in the 1995 election, filed a similar cause of action which was consolidated with this case for purposes of trial. This Court appointed Judge Howard Q. Davis as Special Judge to preside over the proceedings in the action brought by the State upon recusal of the circuit judges in Tippah County.

¶2. All parties agreed to have the case heard by Judge Davis without a jury on September 18, 1996. At trial, the parties stipulated that Mauney was convicted of a felony in Cause No. 4082 in 1974 for sale of a controlled substance (amphetamines). Circuit Court Judge W.W. Brown sentenced Mauney on July 18, 1974, to one year in the State Penitentiary. The sentence was suspended, and Mauney was placed on probation for a period of three years. Mauney alleged that Judge Brown intended to expunge his record and the records of his co-defendants if they satisfied their probationary terms. He introduced a copy of a newspaper article from 1974 which stated, "If they were exemplary citizens, he [Judge Brown] said, they could hope to have their offenses expunged from the record." Mauney also presented a copy of the order expunging the record in the cases of his co-defendant(s) signed by Judge Brown on May 6, 1985, as support for his argument. However, no order of expungement was entered in Mauney's case until November 24, 1995, when Judge Brown entered a nunc pro tunc order of expungement going back to December 6, 1976, the date of the termination of Mauney's probation. At trial the parties stipulated that Judge Brown was not a sitting judge at the time when he signed this order.

¶3. Based upon these facts, Judge Davis found that the November 24, 1995, expungement order was null and void, because Judge Brown lacked authority to expunge Mauney's record. The court also determined that Mauney's 1974 conviction of sale of amphetamines was an infamous crime for purposes of Section 44 of the Mississippi Constitution, thereby disqualifying him from serving as Sheriff of Tippah County. Judge Davis ordered that Mauney be removed from office, and Mauney appeals to this Court.

## STATEMENT OF THE LAW

### Standard of Review

¶4. "Our standard for review is de novo in passing on questions of law." ***Snapp v. Harrison***, 699 So.2d 567, 569 (Miss. 1997) (*citing **Mississippi Farm Bureau Cas. Ins. Co. v. Curtis***, 678 So.2d 983, 987 (Miss.1996); ***Seymour v. Brunswick Corp.***, 655 So.2d 892, 895 (Miss.1995)).

### I.

### WHETHER MAUNEY'S 1974 CONVICTION FOR SALE OF AMPHETAMINES DISQUALIFIES HIM FROM HOLDING THE OFFICE OF SHERIFF OF TIPPAH COUNTY.

¶5. Section 44 of the Mississippi Constitution, relied upon by the State and the trial judge, provides in pertinent part:

> (1) No person shall be eligible to a seat in either house of the Legislature, *or to any office of profit or trust*, who shall have been convicted of bribery, perjury, *or other infamous crime*; and any person who shall have been convicted of giving or offering, directly, or indirectly, any bribe to procure his election or appointment, and any person who shall give or offer any bribe to procure the election or appointment of any person to office, shall, on conviction thereof, be disqualified from holding any office of profit or trust under the laws of this state.

Miss. Const. art. 4, § 44(1) (emphasis added). Mississippi's statute setting out the specific

requirements for eligibility to hold the office of sheriff is Section 19-25-3, which disqualifies those who are defaulters to the state, any county or municipality, or the United States, and "[a]ny person who is not a qualified elector, or who denies the existence of a Supreme Being. . ." Miss. Code Ann. § 19-25-3 (1995). Section 241 of the Mississippi Constitution defines the term "qualified elector" as excluding persons "convicted of murder, rape, bribery, theft, arson, obtaining money or goods under false pretense, perjury, forgery, embezzlement or bigamy. . ." Miss. Const. art. 12, § 241. Those convicted of "bribery, burglary, theft, arson, obtaining money or goods under false pretenses, perjury, forgery, embezzlement, or bigamy. . ." are also barred from holding office. Miss. Code Ann. § 99-19-35 (1994).

¶6. Mauney argues that Section 44 is a general provision under the heading of "Qualifications and Privileges of Legislators," and therefore does not apply to the qualifications for the office of sheriff. Instead, he asserts that the more specific statutes and constitutional provisions in Miss. Code Ann. §§ 19-25-3 and 99-19-35, and Miss. Const. art. 12, § 241 govern the qualifications of a candidate for sheriff. To the extent that two constitutional or two statutory provisions overlap or conflict, specific provisions control over general provisions. *Yarbrough v. Camphor*, 645 So.2d 867, 872 (Miss. 1994) (*citing* *McCrory v. State*, 210 So.2d 877, 877-78 (Miss. 1968)); *Dye v. State ex rel. Hale*, 507 So.2d 332, 342 (Miss. 1987). However, Section 44 does not overlap or conflict with another constitutional provision, so Mauney's argument on this point fails. Section 44 applies to "any office of profit or trust," which includes the office of sheriff, so the requirement that a candidate must not have been convicted of an infamous crime applies here.

¶7. Alternatively, Mauney contends that his conviction for sale of a controlled substance (amphetamines) does not fall under the definition of "infamous crime." We have not previously addressed the issue of what crimes are infamous when establishing disqualification from public office. The legislature has defined "infamous crime" when used in any statute to mean "offenses punished with death or confinement in the penitentiary." Miss. Code Ann. § 1-3-19 (1972). In other words, "infamous crime" includes all felonies. *See* Miss. Code Ann. § 1-3-11 (1972). The United States Supreme Court adopted a similar definition of "infamous crime" in *Mackin v. U.S.*, 117 U.S. 348 (1886). "'Infamous crimes' are thus, in the most explicit words, defined to be those 'punishable by imprisonment in the penitentiary.'" *Mackin*, 117 U.S. at 354 (*quoting* Act of June 17, 1870, ch.133, § 1; 16 St. 153; Rev. St. D.C. § 1049).

¶8. As Mauney points out, § 1-3-19 does not directly apply to a constitutional provision, such as Section 44. However, in *State ex rel. Muirhead v. State Bd. of Election Comm'rs*, 259 So.2d 698 (Miss. 1972), we applied the statutory definition of "infamous crime" (§ 680 at that time) when interpreting Section 44 to determine whether a federal felony conviction disqualified one from running for the office of Mississippi State Senator. *Muirhead*, 259 So.2d at 700-702. Recognizing that legislative definitions are persuasive, but not controlling, in our interpretation of the constitution, we went on to interpret the statutory definition and constitutional definition of "infamous crime" together, finding that they refer to crimes punishable in the State Penitentiary, and not any other penitentiary. *Id*. "It is apparent to us that the words 'in the penitentiary' used in Section 680, Mississippi Code 1942 Annotated (1956) above quoted refers to the Mississippi Penitentiary, and not the federal penitentiary." *Id*. at 702. Although we did not specifically adopt the statutory definition of "infamous crime" as the constitutional definition, our intent to do so was clear, since we found the statutory definition to be conclusive.

¶9. This position is supported by examining the 1992 amendment to Section 44, adding subsections 2 and 3. The two new subsections read:

> (2) No person who is convicted after ratification of this amendment in another state of any offense which is a felony under the laws of this state, and no person who is convicted after ratification of this amendment of any felony in a federal court, shall be eligible to hold any office of profit or trust in this state.

> (3) This section shall not disqualify a person from holding office if he has been pardoned for the offense or if the offense of which the person was convicted was manslaughter, any violation of the United States Internal Revenue Code or any violation of the tax laws of this state unless such offense also involved misuse or abuse of his office or money coming into his hands by virtue of his office.

Miss. Const. art 4, § 44(2) and (3) (amended 1992). As the State points out in its brief, it would be inconsistent for persons convicted of felonies in other states or of federal felonies to be excluded from running for office in Mississippi, if those convicted of Mississippi felonies were qualified to run. It also makes more sense to specifically exclude manslaughter and tax law violations if the intent is generally to prohibit those convicted of any felony from eligibility. We find that the term "infamous crime" includes all felonies other than those specifically excluded in subsection 3 of Miss. Const. art. 4, § 44.

¶10. Finally, Mauney argues that even if we adopt the statutory definition of "infamous crime," his conviction for sale of a controlled substance does not fall within that definition, because he was never actually confined and because Judge Brown intended to expunge the conviction from his record. Although Judge Brown may have intended to expunge the conviction from Mauney's record, the fact remains that his record was never expunged. As Judge Davis found, the November 24, 1995, expungement order was null and void, because Judge Brown lacked authority to expunge Mauney's record. None of the Mississippi statutes allowing for expungement of a case record apply to Mauney's conviction for sale of amphetamines. *See* Miss. Code Ann. §§ 41-29-150 (1993), 99-15-26 (1994), and 99-15-57 (1994); *Caldwell v. State*, 564 So.2d 1371 (Miss. 1990).

¶11. Although Mauney's one year sentence to the State Penitentiary was suspended, the conviction still qualifies as a crime "punished with death or confinement in the penitentiary." Miss. Code Ann. § 1-3-19 (1972). The U.S. Supreme Court in *Mackin* found that, "The test is whether the crime is one for which the statutes authorize the court to award an infamous punishment, not whether the punishment ultimately awarded is an infamous one." *Mackin*, 117 U.S. at 351. *See also* ***Taylor v. State***, 672 So.2d 1246, 1263 (Miss. 1996) (citing ***Lockett v. State***, 517 So.2d 1317, 1337 (Miss. 1987)) (interpreting Miss. Code Ann. § 97-3-19(2)(b) on aggravating circumstances in death penalty cases--"a person whose sentence has been suspended or who is on probation is deemed to remain under the sentence"). At the time of Mauney's conviction in 1974, sale of amphetamines was punishable by up to twenty years imprisonment in the State Penitentiary. Miss. Code Ann. § 6831-70 (1942); 1972 Miss. Laws 520, § 7. Mauney was sentenced to one year in the State Penitentiary. The fact that his sentence was suspended does not remove his conviction from the status of an infamous crime.

## CONCLUSION

¶12. Section 44 of the Mississippi Constitution, disqualifying from public office those convicted of infamous crimes, applies to the election of sheriff contested in this appeal. We hereby adopt the definition of "infamous crime" as meaning all felonies, set out by the Mississippi Legislature and the United States Supreme Court. Under that definition, Mauney's conviction for sale of amphetamines disqualifies him from holding the office of Sheriff of Tippah County, despite the fact that he received a suspended sentence for his conviction. We affirm the circuit court's decision to remove Mauney from office.

¶13. **AFFIRMED.**

**PRATHER, C.J., PITTMAN, P.J., BANKS, McRAE, SMITH, MILLS AND WALLER, JJ., CONCUR. ROBERTS, J., NOT PARTICIPATING.**