BARNES, J.,
for the Court.
¶ 1. A.E.W.[1] was arrested by the Biloxi Police Department on June 18, 1979, and indicted for the charge of “unnatural intercourse” pursuant to section 97-29-59 of the Mississippi Code (1972). On August 28, 1980, the charge was passed to the inactive file.
¶ 2. A.E.W. twice sought to have the charge expunged by the Circuit Court of Harrison County. This is an appeal from the second and supplemental motion to expunge which was denied. A.E.W. argues that the lower court erred in not granting his petition for expungement, and that in applying Mississippi Code Annotated section 99-15-26(5) the lower court did not have discretion to deny an expungement of a case which has been dismissed or in which the charges have been dropped.
¶ 3. We find that the circuit court erred and therefore reverse its decision.
FACTS
¶ 4. On June 18, 1979, A.E.W. was arrested by the Biloxi Police Department, and charged with “unnatural touching.” He was subsequently indicted for the charge of “unnatural intercourse” and tried before a jury which was unable to reach a verdict. On August 28, 1980, the charge was passed to the inactive file. A.E.W. was also arrested on October 25, 1980, by the Biloxi Police Department and charged with rape, but these charges were dismissed at a preliminary hearing on January 7, 1981. There was no indictment.
¶ 5. On February 22, 2002, A.E.W. filed a petition to expunge both arrests. *137 A.E.W. indicated to the court that he had attempted to hold numerous jobs, but had been terminated or not hired because of his arrests in 1979 and 1980. After the hearing on his motion, the court agreed to expunge the rape arrest, but refused to expunge the unnatural intercourse arrest. The court ruled that the arrest should show “that there was simply a charge and the State ended up passing it to the files.” A.E.W.’s subsequent supplemental motion to expunge was denied.
DISCUSSION
¶ 6. At the time of the first hearing, Mississippi Code Annotated section 99-15-26(4) stated:
The court may expunge the record of any ease in which an arrest was made, the person arrested was released and the case was dismissed or the charges were dropped or there was no disposition of such case.
(Emphasis added).
¶ 7. The section was subsequently amended and changed to Mississippi Code Annotated section 99-15-26(5) and now reads:
Upon petition therefor, the court shall expunge the record of any case in which an arrest was made, the person arrested was released and the case was dismissed or the charges were dropped or there was no disposition of such case.
(Emphasis added).
¶ 8. The State takes the position that expungement is not proper in any case in which there is any potential that prosecution could become active again, even this twenty-five-year-old case which has long been passed to the inactive file. However, the State does not explain how such an unusual prosecution would not be violative of A.E.W.’s constitutional and statutory rights to a speedy trial. We fail to see how A.E.W. could be prosecuted for a charge which has been dormant for over twenty-five years. If the phrase “there was no disposition of such case” does not apply to a ease in which no disposition has been reached in twenty-five years, we do not see when it ever would apply. The trial judge opined that the possibility of the case coming “back to life” was as likely as the State’s attorney being “on the next space shuttle.”
¶ 9. In denying expungement of the 1979 charge, however, the trial court determined that the statute should not be applied “retroactively.” This ruling was based upon the statute’s recitation of a 1983 “effective date.” While the “effective date” provision is confusing, we find the trial court’s reliance upon it to be misplaced.
¶ 10. When section 99-15-26 was first enacted in 1983, the statute only concerned non-adjudicated cases. Subsection (4) provided that the act would “take effect and be in force from and after its passage and [would] stand repealed from and after July 1, 1987....” The effective date of the act was March 31, 1983. In 1987, the legislature removed, the repealer contained in subsection (4), and the revised subsection (4) merely provided that the section would “take effect and be in force from and after March 31, 1983.” The first time section 99-15-26 provided for expungement was in 1996 when the legislature provided that the court “may expunge the record of any case” in which the arrestee was released, the case dismissed, the charges dropped or there was no disposition. This expungement provision became subsection (4), and the prior effective date was carried forward into subsection (5). In 2003, the statute was finally revised to provide that “[u]pon petition therefor, the court shall expunge the record of any [such] case ...” Due to changes regarding non-adjudicated *138 cases, the expungement subsection was moved to subsection (5), and the effective date provision of the original code section was carried forward as subsection (6).
¶ 11. We find that the trial court erred in relying upon the March 31, 1983 effective date to determine that the court was not required to expunge cases which arose prior to 1983. The effective date clearly deals with the original statutory provisions regarding non-adjudicated cases, not with expungement, which was introduced thirteen years later.
¶ 12. In McGrew v. State, 733 So.2d 816, 819 (¶ 22) (Miss.1999), the supreme court specifically found that subsection (4), granting the circuit and county courts the power to expunge public records in certain instances, was independent from and did not implicitly relate back to the subsections dealing with non-adjudicated cases. Id. The court determined that a trial court has authority under subsection (4) to expunge cases concerning “crimes against the person” although such cases are not appropriate for non-adjudication under subsection (1). Id. We find nothing in the statute limiting former subsection (4) (current subsection (5)) expungement to crimes committed after 1983. The subsection clearly provides for expungement in “any case,” without limit as to the date. Had the legislature so intended, the statute could have easily provided for ex-pungement in “any case arising after March 31, 1983.” The legislature did not do so, and we do not find that the effective date regarding non-adjudication should be read to modify the term “any case” in the expungement subsection which did not come into existence until more than thirteen years thereafter. Further, if the trial court’s analysis were correct, the court would have had no authority to expunge the record of the 1980 arrest for rape as it, too, arose prior to 1983.
¶ 13. The argument of the State, stressing the “detestable abominable” nature of the crime of which A.E.W. was so long ago accused, presupposes that A.E.W. is guilty of the crime of which he was never convicted. We note that the legislature made no exception to expungement for “detestable abominable” crimes. In McGrew, the supreme court determined that expungement was not excluded for “crimes against the person.” As the legislature has determined that expungement is applicable to “all cases,” we are without authority to engraft exceptions thereto. Furthermore, in McGrew, the court explained the purpose of expungement:
Prohibiting expungement would serve as a tremendous obstacle to those who were arrested, but whose case was dismissed or the charges dropped or there was no disposition of such case. Although such person was deemed innocent in a court of law, without the opportunity for expungement, he or she would always be guilty in the all important court of public opinion.
Id. at 820(¶ 27).
¶ 14. In the instant case, A.E.W. has established that, by being denied employment opportunities because of the 1979 arrest, he has been convicted in the “court of public opinion.” We find that the legislature enacted section 99-15-26(5) to remedy situations of this exact nature. Had the State had sufficient evidence to retry A.E.W. for the 1979 incident, it should have done so within the next twenty-five years. We find that the trial court was without discretion to deny A.E.W.’s motion to expunge the 1979 arrest following the 2003 amendment to section 99-15-26. This Court therefore reverses and remands with direction to the circuit court that expungement be granted.
¶ 15. THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON *139 COUNTY IS REVERSED AND REMANDED. ALL COSTS OF APPEAL ARE ASSESSED TO HARRISON COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., SOUTHWICK, IRVING, CHANDLER, GRIFFIS, ISHEE AND ROBERTS, JJ., CONCUR.

. The appellant’s initials have been used to help preserve his anonymity due to the nature of the relief which is sought.