*1160
 
 MYERS, P.J.,
 

 for the Court.
 

 ¶ 1. David J. Fields was indicted by a DeSoto County grand jury on December 6, 2001, for possession of precursors used in the manufacture of a controlled substance pursuant to Mississippi Code Annotated section 41-29-313 (Rev.2001). He pleaded guilty to this charge on August 19, 2002. The trial court sentenced Fields to five years in the custody of the Mississippi Department of Corrections, with three years suspended pending good behavior.
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 2. After completing his sentence and parole, on November 13, 2007, Fields filed a “petition for expungement” in the DeSo-to County Circuit Court. He alleged that under Mississippi Code Annotated section 41-29-150 (Rev.2005), he met the requirements for expungement. The trial court denied his petition, finding that Mississippi Code Annotated section 41-29-150 does not include his offense as one that is ex-pungable. Fields then filed a motion to reconsider or to amend the judgment. Fields claimed that, in addition to his ex-pungement argument, his guilty plea was not knowing and voluntary. After conducting a hearing on this motion, the trial court denied Fields’s motion. Aggrieved from the trial court’s order, Fields appeals.
 

 STANDARD OF REVIEW
 

 ¶ 3. On appeal, questions of law are reviewed de novo.
 
 Chapman v. Ward,
 
 3 So.3d 790, 794(¶12) (Miss.App.Ct.2008) (Citing
 
 Burnett v. Burnett,
 
 792 So.2d 1016, 1019(¶ 6) (Miss.Ct.App.2001)).
 

 DISCUSSION
 

 I. Whether the trial court emd in not expunging Fields’s record.
 

 ¶ 4. The State requests this Court to dismiss Fields’s appeal for lack of jurisdiction, claiming that Fields’s appeal for expungement is not authorized by statute. In
 
 Smith v. State,
 
 742 So.2d 1188, 1189(116) (Miss.Ct.App.1999), this Court stated that “there are two primary ways in which a criminal defendant may challenge a trial court proceeding: (1) a direct appeal from a conviction, or (2) a proceeding under the Post[-]Conviction Relief Act.” (Quoting
 
 Fleming v. State,
 
 553 So.2d 505, 506 (Miss.1989)). Fields lost his right to a direct appeal once he pleaded guilty to the charges.
 
 See Shanks v. State,
 
 906 So.2d 760, 761(¶ 3) (Miss.Ct.App.2004). Additionally, Fields’s petition to the trial court did not meet the requirements of the Mississippi Uniform Post-Conviction Collateral Relief Act.
 
 See
 
 Miss.Code Ann. § 99-39-9 (Supp.2007).
 

 ¶ 5. However, the State concedes that the supreme court and this Court have addressed similar arguments. In
 
 Mauney v. State ex. rel Moore,
 
 707 So.2d 1093 (Miss.1998),
 
 Caldwell v. State,
 
 564 So.2d 1371 (Miss.1990), and
 
 A.E.W. v. State,
 
 925 So.2d 136 (Miss.Ct.App.2006), our appellate courts have addressed the issue of circuit courts expunging records. The
 
 Caldwell
 
 court ruled that, in addition to the petitioner’s motion being untimely, a person convicted of burglary could not have that charge expunged from them record.
 
 Caldwell,
 
 564 So.2d at 1373. In
 
 Mauney,
 
 the supreme court found that the sale of amphetamines could not be expunged from one’s record.
 
 Mauney,
 
 707 So.2d at 1096(¶ 10). The
 
 A.E.W.
 
 Court remanded a case back to the trial court with instructions that the petitioner’s record be expunged after twenty-five years of being charged with, but not prosecuted for, unnatural intercourse.
 
 A.E.W.,
 
 925 So.2d at 138(¶ 14). From these cases, it is evident that a trial court’s denial of a motion to expunge can be appealed.
 

 
 *1161
 
 ¶ 6. Nevertheless, Fields’s argument fails. Mississippi Code Annotated section 41-29-150(d)(2) (Rev.2005) provides that a person can petition the trial court for ex-pungement if he “had not reached his twenty-sixth birthday at the time of the offense,” and his conviction was “for possession of narcotics, stimulants, depressants, hallucinogens, marihuana, other controlled substances or paraphernalia under prior laws of this state.”
 
 Id.
 

 ¶ 7. Fields meets the first requirement of the statute because he was twenty-one years of age at the time of his sentencing. However, Fields fails on the second requirement. Fields pleaded guilty to “willfully, unlawfully, and feloniously, knowingly and intentionally possess, purchase, possess, transfer or distribute over two hundred fifty (250) dosage units of pseu-doephedrine or ephedrine, knowing, or under circumstances where one reasonably should know, that the pseudoephedrine or ephedrine will be used to unlawfully manufacture a controlled substance, in direct violation of [Mississippi Code Annotated] section 41-29-313.” Fields argues that pseudoephedrine and ephedrine are commonly recognized as stimulants; thus, he argues, he meets the requirements for ex-pungement.
 

 ¶ 8. “It is well settled that when a court considers a statute passed by the Legislature, the first question before the Court is whether the statute is ambiguous. If the statute is not ambiguous, the court should interpret and apply the statute according to its plain meaning without the aid of principles of statutory construction.”
 
 Finn v. State,
 
 978 So.2d 1270, 1272(¶ 8) (Miss.2008) (citations omitted).
 

 ¶ 9. A plain-language reading of Mississippi Code Annotated section 41-29-150(d)(2) allows for expungement if the person has been charged with a certain crime and is under the age of twenty-six at the time of the offense. The statute clearly does not enumerate possession of pseu-doephedrine and ephedrine as one of the offenses that allows for the possibility of expungement. Fields would have us insert expungable offenses into Mississippi Code Annotated section 41-29-150(d)(2) and expand its application. “To do so would be to tread on the domain of the Legislature, as it alone has the power to create and modify statutes. It is not the province of the Court to insert requirements where the Legislature did not do so.”
 
 Finn,
 
 978 So.2d at 1273-74(¶9). Accordingly, we find that Fields’s crime is not an expunga-ble offense under the statute; thus, the trial court did not err in denying his petition. This issue is without merit.
 

 II. Whether Fields’s guilty plea was knowing and voluntary.
 

 ¶ 10. “A plea is considered ‘voluntary and intelligent’ if the defendant is advised of the nature of the charge against him, the consequences of the plea, and the maximum and minimum penalties to which he may be sentenced.”
 
 Bowen v. State
 
 995 So.2d 844, 846(¶ 8) (Miss.Ct.App.2008) (citing
 
 Alexander v. State,
 
 605 So.2d 1170, 1172 (Miss.1992)).
 

 ¶ 11. Fields argues that his guilty plea was not knowing because the trial court continuously referred to his charges as “possession of precursors” rather than “knowing or under circumstances where one reasonably should know, that the precursor chemicals will be used to unlawfully manufacture a controlled substance.” In essence, Fields is claiming his guilty plea is invalid.
 

 ¶ 12. This Court addressed a similar argument in
 
 Ducote v. State,
 
 970 So.2d 1309 (Miss.Ct.App.2007). There, Patrick Ducote petitioned the trial court to set aside his guilty plea because he argued
 
 *1162
 
 that his plea was not made voluntarily or intelligently.
 
 Id.
 
 at 1312(¶ 3).
 
 [1]
 
 On appeal, this Court treated Ducote’s petition as a post-conviction matter because “the relief Ducote requested] is considered a post-conviction matter.”
 
 Id.
 
 at 1315(¶ 13).
 

 ¶ 13. In the case at bar, the issue Fields is presenting is a post-conviction matter. “Post-conviction relief is a procedure limited to review of matters which ‘in practical reality, could not or should not have been raised at trial or on direct appeal.’ ”
 
 Id.
 
 at (¶ 14) (citations omitted). If a prisoner pleads guilty, the statute of limitations for the prisoner to bring a post-conviction relief petition is within three years after the entry of the judgment of conviction.
 
 See
 
 Miss.Code Ann. § 99-39-5(2) (Rev.2007).
 

 ¶ 14. Fields pleaded guilty to the charges on August 19, 2002. On November 13, 2007, he filed his petition for ex-pungement in the DeSoto County Circuit Court. This petition did not contain any language about his plea being unknowingly and involuntary. This issue was first brought to the trial court’s attention in Fields’s motion for reconsideration, which was filed on March 7, 2008. Fields’s post-conviction relief petition was clearly filed outside the three-year window of time allowed under the statute of limitation.
 
 See id.
 
 Accordingly, Fields’s claim is procedurally barred.
 

 ¶ 15. THE JUDGMENT OF THE DE-SOTO COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 KING, C.J., LEE, P.J., GRIFFIS, BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR. IRVING, J., CONCURS IN RESULT ONLY.
 

 [1]
 

 . In addition to his involuntary plea argument, Ducote also argued on appeal that the circuit court clerk erred in making his petition one for post-conviction relief and that he received ineffective assistance of counsel.